# Fritz, Appellant, *v.* British America Assurance Company.

*Insurance—Fire insurance—Limitation as to time of suit—Waiver—Arbitration.*

Where a policy of fire insurance provides that no suit shall be maintained " unless commenced within twelve months next after the fire," and also provides that in case of disagreement the loss shall be ascertained by two appraisers appointed by the parties and by an umpire selected by the appraisers, and the policy also further provides that the company " shall not be held to have waived any provision or condition of this policy," by any act on its part relating to the appraiser, the insured is not barred from maintaining a suit commenced more than a year after the fire, where it appears that at the request of the company arbitrators were appointed, and that the arbitrators, without any fault on the part of the insured, failed to agree, and never made any appraisement.

Mr. Chief Justice MITCHELL and Mr. Justice BROWN dissent.

Argued Jan. 7, 1904.   Appeal, No. 32, Jan. T., 1903, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1899, No. 654, refusing to take off nonsuit in case of A. P. Fritz v. British America Assurance Company.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMP-SON, JJ.   Reversed.

Assumpsit on a policy of fire insurance.   Before WILT-BANK, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order refusing to take off nonsuit.

*W. Horace Hepburn*, for appellant.—The act of the appellee requesting the appointment of appraisers to appraise the loss is an affirmative act on its part, and inasmuch as the appraisement so requested was not completed within the time prescribed in which suit is to be brought by the terms of the policy without fault of appellant, the law implies a waiver of the limitation in the policy: Austen v. Niagara Fire Ins. Co., 16 App. Div. 86 (45 N. Y. Supp. 106); Harrison v. Hartford Fire Ins. Co., 80 N. W. Repr. 309; Barber v. F. & M. Ins. Co., 16 W. Virginia, 658; Atlas Mut. Ins. Co. v. Downing, 12 Pa. Superior Ct. 305; Ames v. N. Y. Union Ins. Co., 14 N. Y. 253; Steel v. Phœnix Ins. Co., 154 U. S. 518 (14 Sup. Ct. Repr. 1153); Friezen v. Allemania Fire Ins. Co., 30 Fed. Repr. 349; Boston Marine Ins. Co. v. Scales, 49 S. W. Repr. 743; McConnell v. Iowa Mutual Aid Assn., 79 Iowa, 757 (43 N. W. Repr. 188); Matt v. Iowa Mutual Aid Assn., 81 Iowa, 135 (46 N. W. Repr. 857); Case v. Sun Ins. Co., 23 Pac. Repr. 534; Thompson v. Phœnix Ins. Co., 136 U. S. 287 (10 Sup. Ct. Repr. 1019); McMaster v. New York Life Ins. Co., 183 U. S. 25 (22 Sup. Ct. Repr. 10).

The appellant relies upon the broad principle that there was a waiver or estoppel in law as a result of the fixed facts proven in this case.

That the facts proven would constitute such evidence of waiver as would entitle them to be submitted to a jury, would seem to be settled by the following authorities: May on Insur-

ance, sec. 488; Bonnert v. Penna. Insurance Company, 129 Pa. 558; Commercial Union Assurance Company v. Hocking, 115 Pa. 407 ; Coursin v. Penn. Ins. Co., 46 Pa. 323.

The plaintiff having submitted to the request of the defendant for an appraisement by appraisers, and having used every effort to have the appraisement completed and the defendant by its conduct acquiescing in the abandonment of the appraisement by the appraisers, had a right to bring his suit, and if there was any doubt about the facts, it was a question for the jury : Harrison v. Hartford Ins. Co., 80 N. W. Repr. 309; Hamilton v. Liverpool, London & Globe Ins. Co., 136 U. S. 242 (10 Sup. Ct. Repr. 945).

*Henry R. Edmunds,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 7, 1904:

This is an action of assumpsit on a fire insurance policy, issued by the appellee company on certain personal property owned by the appellant and in the building occupied as a file works at 20th street and Allegheny avenue, in the city of Philadelphia. The policy is dated April 6, 1897, and is in the sum of $2,500. At the time this policy was issued to the appellant, he procured five other policies from various companies on the same property, aggregating $17,500, making a total insurance on the property of $20,000. The property was partially destroyed by fire on September 20, 1897. The several companies were duly notified of the fire by the appellant, and, on September 27, 1897, one Thomas T. Nelson was appointed by the appellee company as adjuster to adjust the appellant's loss. It is claimed by the appellant and he introduced evidence to show that proofs of loss were delivered to the appellee within sixty days of the fire as required by the policy, and further, that on November 3, 1897, he delivered to Nelson, as agent for the appellee, a detailed statement of his loss showing the sound value and damage value of every article of property alleged to be damaged. After the appointment of the adjuster, negotiations were entered into between the parties for a settlement of the appellant's claim. On December 16, 1897, the appellee's attorney wrote to the attorney of the appellant suggesting that " an appraisement should be made as provided by

the policy." The negotiations for a settlement were, however, continued until April 5, 1898, when, in pursuance of the appellee's suggestion, two appraisers were selected by the parties in conformity with the provisions of the policy on which this suit was brought. The other insurance companies having risks on the same property joined the appellee in selecting an appraiser. An appraisal agreement, appointing the appraisers, was signed by the parties, which, after reciting that the parties had failed to agree as to the amount of loss and damage by fire sustained by the appellant authorized the appraisers to " appraise and estimate the actual cash value of, and the loss and damage by fire to, the property described in said policies." This agreement was signed for the appellant by his attorney, and for the appellee and some other insurance companies by Thomas T. Nelson, as agent and for the other interested companies by their respective agents. The two appraisers appointed an umpire and, having been duly qualified on April 15, 1898, entered upon the discharge of their duties. They, however, failed to agree upon an award and no award in writing by any two of the three appointees was ever made or reported to the parties as required by the policy. On January 18, 1900, alleged by plaintiff to be sixty days after the appraisement had been abandoned, this action was brought on the policy issued by the appellee.

The policy provides, inter alia, that the " ascertainment or estimate (of the loss) shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided; and the amount of the loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proofs of loss have been received by this company in accordance with the terms of this policy." The policy also contains the following provisions :

" In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and-disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately

sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them and shall bear equally the expenses of the appraisal and umpire.

" This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required.

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

On the trial of the cause in the court below, the appellee company set up among other defenses as a bar to recovery that the action had not been brought within twelve months after the fire, as required by the policy. The fire occurred on September 20, 1897, and this action was not instituted until January 18, 1900, and hence was not " commenced within twelve months next after the fire," as required by the contract of insurance. The appellant contends, however, that under the facts of the case as disclosed by the evidence, the appellee had waived its right to avail itself of the protection of the limitation clause of the policy. The learned trial judge granted a nonsuit, and in entering it said: " The question is, whether the action of the company, as indicated by the letter of the counsel of December 16, 1897, and as otherwise indicated under the proofs now before me, constituted a waiver of the limitation put upon the right of the plaintiff to sue in the event of the fire." Subsequently, a motion to take off the nonsuit was denied, and we have this appeal.

The question for determination here is, as will be observed, whether the company waived its right to insist upon the limitation clause in the policy which forbids the bringing of an action

to recover for a loss "unless commenced within twelve months next after the fire." It has been frequently held and is conceded that an insurance company may waive a condition in a policy intended for its own benefit, and where there is sufficient evidence the question, as held by this court, is to be determined by the jury.

We think there was sufficient evidence, if believed by the jury, to warrant it in finding that Nelson was not only the adjuster of the àppellee company, but that he was its agent authorized to act for it in all matters pertaining to the ascertainment and settlement of the loss occasioned by the destruction of the insured's property covered by the company's policy. It is admitted that he was appointed by the company on September 20, 1897, to adjust the appellant's loss. Subsequently to that date and until the appointment of the appraisers the following spring, the parties were negotiating for a settlement of the loss, and in these negotiations the appellee was represented by Nelson. When the attempted settlement failed and the company requested the appointment of appraisers, as provided in the policy, Nelson acted for it and as its agent prepared and signed with its corporate name the appraisal agreement by which the appointees therein named were empowered to determine the appellant's loss. His authority to execute the agreement for the company has never been questioned. While he also signed the agreement for two other companies, it should be noted that there were two of the interested companies for which he did not act and which executed the agreement by their respective agents. This paper and the detailed statement and proofs of loss were received by Nelson for the company. So far as we are able to discover from the evidence, we find no denial or repudiation by the company of Nelson's authority to act for it in the adjustment and settlement of the loss for which this action was brought.

The learned trial judge held that the appellee had not waived its right to insist on the clause limiting the time in which an action must be brought, because there is a stipulation in the policy that the company shall not be held to have waived any provision of the policy by any act on its part relating to the appraisal, and because the company's counsel so advised the attorney of the appellant in his letter suggesting the appoint-

ment of appraisers. We do not regard this proposition as tenable. By reference to the excerpts from the policy, quoted above, it will be seen that when the property is destroyed, the loss shall be ascertained by the parties, and, if they cannot agree, by appraisers to be appointed in the manner provided in the policy. When the amount of the loss is ascertained by either method, the sum for which the company is liable is payable sixty days after notice and satisfactory proofs of loss. The parties could not agree as to the amount of the loss and at the request of the company appraisers were appointed. The hands of the insured were then tied until an award had been made or the appraisement had been abandoned. The policy forbade him bringing suit to enforce his claim while the appraisement was pending. It says: " No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements." Now, as we have seen, one of the requirements is that if the parties differ as to the amount of the loss, it shall be submitted to appraisers and an umpire " and the award in writing by any two shall determine the amount of such loss." Then follows this requirement of the policy: " The loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required." It is manifest, therefore that by the explicit terms of the policy the insured was compelled, when required by the company, to submit the cause to arbitration and that during its pendency he could not institute an action at law to enforce payment of the damages which he had sustained by the destruction of his property. This is practically conceded by the learned counsel for the appellee in his printed argument wherein it is stated: " It is therefore clear that, although while the arbitration was actually and actively under way, the plaintiff may have been bound to await its termination in the form of an award, he was none the less entitled to sue as soon as it became apparent that no result was likely to be reached." It is not reasonable to suppose, and it should not be assumed, that it was intended that the clause in the policy declaring that no act or requirement by the company should be held to waive

any of the provisions or conditions of the policy should apply to the special limitation provision under the circumstances claimed to exist here.    If so, it results in the absurd proposition that it was the intention of the parties to the contract that the delay of the appraisers to make an award for any cause whatever until the expiration of twelve months after the fire should prevent an action by the insured to recover his loss. A right of action would, therefore, be barred before the cause of action had accrued.    This interpretation of the policy would deny the insured a right of action to enforce a claim for an honest loss through no fault of his own by reversing the universally recognized rule of the construction of contracts of insurance, that their provisions shall be strictly construed against the insurer, and liberally construed in favor of the insured.

The company having required an appraisement by reason of its inability to agree with the insured as to the amount of the loss must be regarded as having waived its right to enforce the limitation clause until the appraisers have made an award or the appraisement has been abandoned, unless the award has been delayed or the appraisement has been abandoned by reason of the conduct of the insured.    When the appraisement has been terminated, either by an award or an abandonment without fault of the parties, the time within which an action may be brought begins to run.    Neither party is responsible for the misconduct of the appraisers and umpire or their refusal to perform their duties. While the policy requires each party to select an appraiser, and in case of disagreement, the two appraisers are to select an umpire, yet the authority to make the appraisement was conferred on both appraisers by the joint action of the two parties in signing the appraisal agreement.    It is claimed by the appellant that the appraisement was delayed by the refusal of the appraiser selected by the appellee to perform his duties and that the appellee refused to select another appraiser in his place, thereby causing the appraisement to be abandoned.    It is alleged that the appellant did everything he could to facilitate the appraisement, and it is denied that he is responsible for the failure to complete the appraisement.    This suit was brought, as he alleges, at the expiration of sixty days after the appraisement had been abandoned.    On the other hand, the appellee denies that it is responsible for the delay or abandonment of the

appraisement. These are questions of fact for the determination of a jury.

In his opinion entering a nonsuit, the learned trial judge held that even if the reference to appraisers operated as a waiver of the provision of the policy requiring the action to be brought within twelve months after the fire, the action could not be maintained by the insurer because the appraisers and umpire had failed to do their duty in not making an award. This position, we think, is illogical and untenable. It would result in giving the appraisers, or either of them, through the possible influence of the company and without any fault of the insured, the authority to deprive the latter of his right to enforce an honest loss secured by the policy of the insurer. If the failure to make an award is not due to the insured, his right to enforce his claim to an action at law should not be prejudiced thereby. The terms of the policy require him to accede to the company's request for an appraisement, but when in good faith he has done so and has made an honest effort to secure an award by the appraisers and has failed, and the appraisement has been abandoned, he is at liberty to assert his rights by bringing an action at law to recover for the damage he has sustained.

We think the case should have gone to the jury in accordance with the views above expressed. On a retrial of the cause the letters rejected by the court will be competent and should be admitted.

The assignments of error are sustained and the judgment is reversed with a procedendo.

MITCHELL, C. J., and BROWN, J., dissent.