HUGO RIDDELL *vs.* ROCHESTER GERMAN INSURANCE COM-
PANY OF NEW YORK.

MARCH 13, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Estoppel.*

Estoppel *in pais* usually arises from the misrepresentation or concealment of material facts on the part of the one to be estopped and the primary ground is that it would be fraud in a party to assert what his previous conduct has denied when others have acted on the faith of that denial.

*(2)  Insurance.  Award.*

An agreement for submission to appraisers is at the same time the source and limitation of their authority and the award to be binding must in substance and in form conform to the submission.

*(3)  Insurance.  Award.*

An agreement for submission to appraisers to determine a fire loss is made to secure two things, first an appraisement, and second, an award which is the judgment based upon the appraisement.

*(4)  Insurance.  Award.  Estoppel.*

In an action on a policy of fire insurance, which provided for the submission of disputes to appraisers, evidence considered, and held that while the agreement for arbitration contained no provision expressly requiring an itemized appraisal, by implication it showed that such a form of appraisal was contemplated, and the presumption was not warranted that the form of award, if presented by the company, was intended or calculated to deceive or mislead the appraisers or the insured as to the character of the appraisement and award required, so as to estop the company from demanding an itemized award which it was entitled to under the policy.

*(5)  Insurance.  Award.  Failure of Appraisal.*

Where a policy of insurance requires the determination of the loss in case of disagreement to be by appraisement and award, and makes this a condition precedent to a right of action on the policy, if the award is invalid it is incumbent on the insured and not the insurer to take further steps to secure a new award.

*(6)  Insurance.  Rights of Mortgagee.*

A policy of insurance provided that the loss should be payable to the mortgagee as his interest may appear and contained the condition "this insurance as to the interest of the mortgagee shall not be invalidated by any act or neglect of the mortgagor or owner of the property."

The policy required the "insured" to make proofs of loss. An award of appraisers was invalid through no fault of either insured or the company, by reason of not giving an itemized list of the property damaged, and insured had not taken the steps incumbent upon him to obtain a valid appraisement. In an action by mortgagee upon the policy:—

*Held*, that if the view that the mortgagee was under no obligation to make proofs of loss was disregarded, even under the view that it might become his duty to act at some stage of the proceedings, where there was no evidence that he had any knowledge of the failure of the mortgagor to prosecute the arbitration to a lawful determination, he could not reasonably be called upon to perform any act respecting the adjustment of the loss; so that under either view, mortgagee was protected by the mortgage clause attached to the policy and by its terms had a right of recovery.

*(7)  Insurance.  Proof.*

In an action upon a policy of fire insurance by a mortgagee an invalid award of arbitrators under an agreement between the insurer and the owner was

properly excluded, whether offered for the purpose of showing performance of a condition precedent or to establish the amount of loss or both, and the amount of plaintiff's loss must be otherwise proved.

ASSUMPSIT.  Heard on exceptions of plaintiff and sustained.

BAKER, J.  This is an action of the case in assumpsit on an insurance policy for $1,500, bearing date July 25, 1907, covering certain buildings and their contents and issued to one Shmay Kotler, as owner.  The policy is of the Rhode Island standard form.  A clause attached and forming a part of the policy is in part as follows:  "Loss or damage, if any, under this policy, shall be payable to Hugo Riddell as the mortgagee (or trustee) as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy:  Provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same."  The attached clause contains other provisions, but they are not important in the consideration of the questions raised in this case.

The interest of the mortgagee, the plaintiff, rests on a mortgage deed of personal property, bearing date of April 9, 1906, and duly recorded, given by Shmay Kotler to Hugo Riddell to secure the payment of a promisory note for $1,000, and covering a very considerable portion of the personal property described in said policy.

At the trial the plaintiff offered evidence showing the giving of the mortgage by Kotler to Riddell; the issuing of the policy of insurance with the mortgage clause attached; the occurrence of the fire while the policy was in force; the

damaging thereby of said insured and mortgaged property; the giving of notice of loss to the defendant by the insured; the furnishing, within sixty days, by the insured of proofs of loss; the disagreement of the insured and the insurer as to the amount of loss or damage; the agreement for submission to appraisers, their appointment, their declaration and qualification and their choice of an umpire and his qualification. He then offered as the award of the two appraisers and the umpire the following, namely:

"AWARD.

"To the parties in interest:

"We have carefully examined the premises and remains of the property hereinbefore specified, in accordance with the foregoing appointment, and have determined the sound value to be *Thirteen hundred and three and* $^{62}/100$ *dollars, divided as follows.  Property of Kotler, $224.00.  Property of Riddell, $1,079.62,* and the loss and damage to *be Seven hundred and two and* $^{55}/100$ *dollars, divided as follows, on property of Kotler, Sixty-eight dollars, on property of Riddell, $634.55.*

Witness our hands this *19th* day of *December,* 1907."

The italicized portion of the award in the original is in writing, and the rest of it is in print.

The admission of this award was objected to and the objection was sustained, to which ruling the plaintiff excepted. Plaintiff made certain other offers of testimony to which the defendant objected which objections were sustained and to these rulings plaintiff excepted.   Such of these exceptions as require consideration will appear hereafter.

At the conclusion of the plaintiff's testimony the defendant moved for a nonsuit and the motion was granted.   To this ruling the plaintiff excepted.   The plaintiff thereafter filed his bill of exceptions, containing seven exceptions which, aside from the first exception, were allowed by the justice presiding at the trial.

The exclusion of the award was based upon the opinion of this court in *Sauthof* v. *American Central Insurance Co.*, 34 R. I. 324, in which in an action on a policy of fire insurance, of the Rhode Island standard form, an award giving the sound value of the damaged property and the loss therein in the aggregate, without giving "an itemized list of the several articles damaged, together with the sound value and loss upon each article" was held to be invalid and a bar to plaintiff's right to recover, because a valid award is a condition precedent to the insured's right to maintain an action on the policy. If the question in the case at bar were identical with that in the *Sauthof* case, the decision in that case would require the same decision in this case. But certain questions are raised on the record here which apparently did not arise in the former case.

It is urged, first, that defendant by its conduct is barred from raising the question of the insufficiency of the award and if not so estopped, second, that it has waived its defects, and third, if these claims are invalid, that the plaintiff, as mortgagee, is still entitled to recover, because the invalidity of the award resulted from the act or neglect of the owner or mortgagor.

(1)    First, as to the estoppel: The third exception is based on the ruling of the trial judge in excluding evidence showing that the form of the award used by the arbitrators was furnished by the defendant. The plaintiff's claim is that by furnishing a form not adapted to or calling for an itemized award the defendant is estopped from questioning the validity of the award made in accordance with such form. The evidence was excluded on the ground of its immateriality. The plaintiff's claim in effect is that the furnishing by the defendant of the printed form of award with its lack of space for an itemized account creates an estoppel *in pais* as to the right of the defendant to an itemized award which it would otherwise be entitled to under a policy of the form herein sued upon as decided in *Sauthof* v. *American Central Ins. Co., supra.* The application of the doctrine of estoppel

*in pais* usually arises from the misrepresentation or concealment of material facts on the part of the person to be estopped. "The primary ground is that it would be fraud in a party to assert what his previous conduct has denied when others have acted on the faith of that denial." Am. & Eng. Ency. Law, Vol. 11, 422. The agreement for submission to appraisers is at the same time the source and limitation of their authority and the award to be binding must in substance and in form conform to this submission. (2) 3 Cyc. 374; *Continental Insurance Co.* v. *Garrett*, 60 C. C. A. Rep. 395, 396.

The agreement for submission does not in terms make the policy a part thereof so that it did not inform the appraisers of the condition in the policy on which the *Sauthof* decision was based. Does the agreement itself expressly or impliedly require an itemized appraisal? The clause attached to the policy containing a description of the property insured is also attached to the agreement. The agreement provides that the persons named therein, Cooley and Sprague, "shall appraise and ascertain the sound value of and the loss upon the property damaged and destroyed by the fire of October 18th, 1907, as specified below." Provision is also made for the appointment of an umpire to "act with them in matters of difference *only*," and that "the award of any two of them shall be binding upon both parties to this agreement as to the amount of such loss." The description of the property insured and referred to in the words "as specified below" is set out in six compact typewritten lines and contains, among other things, the words "horses, in case of loss no horse to be valued at more than $100." Near the end of the attached clause appears the following: "Provided, however, that if the aggregate claim for any loss shall not exceed five (5) per cent. of such actual value, no special inventory or appraisement of the undamaged property shall be required. If this policy be divided into two or more items the foregoing conditions shall apply to each item separately; and if two or more buildings or their contents are included in a

single item the application of the provision as to special inventory or appraisement shall be limited to each building and its contents." By the printed "declaration of appraisers" on the back of the agreement they swear that they "will act with strict impartiality in making an appraisement and estimate of the sound value and the loss and damage upon the property hereinbefore mentioned," . . . and that they "will make a true, just and conscientious award of the same." By the printed "qualification of umpire" on the back of the agreement, he swears that he "will act with strict impartiality in all matters of difference *only* that shall be submitted to" him and that he "will make a true, just and conscientious award." As the forms for the agreement for submission to appraisers, the declaration of appraisers, the selection of umpire, the qualification of umpire and the award are printed forms on the same paper, it may fairly be inferred that they are in common use in determining losses by fire.

(3)    From these citations it is clearly apparent that the agreement is made to secure two things: first, an appraisement, and second, an award, which is the finding or judgment based upon the appraisement. Where there are numerous articles of different kinds and quality to be appraised it is obvious that an appraisement to be of value must be founded upon an individual appraisal of the various articles. There is no provision in the agreement expressly requiring an itemized appraisal; but its implications, as indicated by the citations above therefrom, in our judgment show that an itemized or individual appraisement was contemplated thereby. The number of articles to be appraised after different fires may be expected to vary greatly, particularly when the articles are personal property. The itemized list in such cases must also vary greatly in length. Perhaps for this reason no space for the appraisement is provided for on the form of agreement. The appraisers are apparently left to make that up themselves. In the form of the award, after the last printed word, "dollars," is a space with a

dotted line upon which to write whatever may be necessary in addition. There is ample room allowed to make the itemized appraisement a part of the award by reference. It may here be properly noted that the endeavor by the appraisers in their award to apportion the loss between the mortgagor and mortgagee, which was no part of their duty, cannot be attributed to their being mislead by the forms (4) submitted by the defendant. It rather seems to indicate a lack of care on their part in examining the papers to ascertain their duties.

The evidence in this case does not warrant the presumption or inference that the form of the award, if presented by the defendant, was by it intended or calculated to deceive or mislead the appraisers or the insured as to the character of appraisement and award required. The evidence therefore would not establish an estoppel *in pais* and was rightfully excluded. The third exception is overruled.

(5)   Second, as to waiver: The fifth exception is to the exclusion of evidence showing that after the reception by the defendant of said award it never requested any new appraisal. Courts do not agree as to the duties of the parties after the appraisers and umpire have failed to reach a proper or final award, when such failure is without fault on the part of the insurer and insured. It has been held in some jurisdictions that in case the appraisers fail to reach an award, the insured need do nothing further. *Western Assurance Co.* v. *Decker,* 98 Fed. 381; *Conn. Fire Ins. Co.* v. *Cohen,* 97 Maryland, 294; *Pretzfelder* v. *Merchants Ins. Co.,* 116 N. C. 491 and 123 N. C. 164. It is held, however, on the other hand that in case the award is invalid and a new one has not been waived it is incumbent on the insured and not the insurer to take further steps towards securing such new award. This is usually based on the provision of the policy requiring the determination of the loss in case of disagreement to be by appraisement and award and making this procedure a condition precedent to a right of action on the policy. See *Fisher* v. *Merchants Ins. Co.,* 95 Me. 486; *Vernon Ins. &*

*Trust Co.* v. *Maitlen,* 158 Ind. 393; *Westenhaver Bros.* v. *German American Ins. Co.,* 113 Ia. 726; *Davenport* v. *Long Island Ins. Co.,* 10 Daly (N. Y.), 535; *Graham* v. *German Ins. Co.,* 75 Ohio St. 374; *Baumgarth et al.* v. *Firemen's Fund Ins. Co.,* 152 Mich. 479.

The opinion of this court in *Early* v. *Prov. & Wash. Ins. Co.,* 31 R. I. 225, is in harmony with the doctrine set forth in the cases last cited. In the *Early* case the plaintiff, who was the insured, alleged misconduct of the umpire and an appraiser and that the award was invalid. The court, on page 232, says: "If the plaintiff could show that the award is invalid it would not benefit him. . . . The plaintiff does not aver . . . that he ever made any request for a second appraisal," and later, on the same page, it clearly states that the plaintiff was not excused from requesting a second appraisal when the first arbitration failed without fault on the part of either plaintiff or defendant; and on page 234 it further says: "Assuming that the first arbitration failed because of reasons alleged in the plaintiff's declaration nevertheless he cannot maintain this action on the policy because he has not performed all of the conditions precedent to a right of action on the policy."

The testimony excluded relative to the defendant's failure to ask for a new appraisal was therefore not material. The fifth exception is overruled.

The second exception is not pressed, and the fourth and sixth exceptions are not separately urged or discussed in plaintiff's brief on the ground, as there stated, that they are covered by the foregoing exceptions. They will therefore not be separately or further considered.

The seventh exception is taken to the granting of a motion for nonsuit and under this exception may appropriately be considered the right of the plaintiff as mortgagee to maintain this action under the conditions disclosed by the evidence.

(6)    In the *Sauthof* case, *supra,* the plaintiff was the owner of the property; in the present case the plaintiff is the mortgagee. The important question now raised therefore is as

to what extent the rights of the mortgagee under the policy differ from those of owner or mortgagor by virtue of the condition in the mortgage clause attached to the policy "this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property." It is generally held that a mortgage clause like the one quoted "operates as a distinct, separate and independent insurance contract as between the mortgagor and the company in protection of the mortgagee's interest." Clement on Fire Insurance, Vol. 1, 33 and cases cited. Such construction of a clause identical with the mortgage clause in this case is adopted in *Smith* v. *Union Ins. Co.*, 25 R. I. 260. In that case the court held that while the contract with the owner under the policy may never attach or may fail, the contract with the mortgagee begins and proceeds subject to its own conditions and limitations. As in a way the contract of the company with the mortgagee is engrafted on the agreement of the insurer with the owner, that is, on the insurance policy, it is generally held that the mortgage clause in itself does not contain all of the contract of the insurer and mortgagee, but that the policy itself is part of such contract except so far as it is modified by said mortgage clause. But the courts have not always found it easy to determine just how far the stipulation that the insurance as to the mortgagee "shall not be invalidated by any act or neglect of the mortgagor or owner," goes. For example, in *Southern Home Building and Loan Association* v. *Home Ins. Co.*, 94 Ga. 167, 170, the court expresses the opinion that this provision "refers to acts or neglect in connection with the property while the risk is subsisting . . . and not the omission after a fire has occurred to comply with provisions designated to secure evidence as to the nature and extent of the loss." The court also says in substance that "the policy required the mortgagee" to furnish proofs of loss if the mortgagor should not do so.

On the other hand, in *Union Institution for Savings* v. *Phœnix Ins. Co.*, 196 Mass. 230, 234, referring to the provision in question, the court says: "The stipulation is not limited to acts or defaults occurring before the fire, but it includes all acts or defaults of mortgagor which otherwise might affect the mortgagee's right to recover." See, also, *Queen Ins. Co.* v. *Dearborn Savings, Loan & Building Association*, 175 Ill. 115; *The Glens Falls Ins. Co.* v. *Porter*, 44 Fla. 568; *Dwelling House Ins Co.* v. *The Kansas Loan & Trust Co.*, 5 Kans. App. 137 ; *Reed* v. *Firemen's Insurance Co.*, 76 N. J. L. 11, 15, and the same case in 81 N. J. L. 523. This latter view is not only supported by the greater weight of authority, but in our judgment is the more reasonable.

Having found that the defendant is not estopped to object to the award made as invalid and that it has not waived its right to object to it, under the exceptions already considered, and it appearing that the failure to obtain the valid award through the action of the appraisers appointed was through no fault of either of the parties to the appraisal, what is the duty of the parties in the premises? As already indicated above, the weight of authority is that it is the duty of the insured to seek a new determination of the amount of loss in accordance with the terms of the policy. Clement on Fire Insurance, Vol. 1, pp. 158, 159; *Early* v. *Prov. & Wash. Ins. Co.*, *supra*, and cases there cited. The failure therefore to obtain a valid award as between the insurer and the owner, as appears by the evidence in the present case rests upon the neglect of Kotler, the insured, to proceed with the steps incumbent upon him to take as necessary to secure a valid appraisement and award of the loss. But such an act of neglect by Kotler does not invalidate the right of Riddell, the mortgagee, to maintain this action. Against such neglect the contract of the defendant with him as expressed in the mortgage clause protects him unless there is something in the contract which under the evidence shows him to be guilty of some act or neglect which bars his right to recover. The policy sued upon requires "the insured" to

make proofs of loss. Both the owner and the mortgagee are insured under the policy. Is it primarily the duty of the owner to furnish proofs of loss, and in case he fails to do so, that of the mortgagee? Is it the duty of both to furnish proofs of loss or do the words "the insured" refer to the owner only so that there is no duty in proving loss imposed on the mortgagee?

In *Investment Co.* v. *Ins. Co.*, 62 Mo. App. 315, no proofs of loss were made by either owner or mortgagee. The plaintiff was the mortgagee. The court declined to hold the words "the insured" as meaning the owner only and said, on page 323, that "it was the duty of plaintiff to see that proofs of loss were made. If made by the owner they probably would necessarily have covered the condition as applicable to the plaintiff, but not having been made by the owner no recovery can be had."

In that case, in reaching the conclusion, great importance was attached by the court to the words in the mortgage clause (not in the present policy) "the foregoing provisions and agreement shall take precedence over any provisions or conditions conflicting therewith contained in said policy," and it held that the condition requiring proofs of loss was not in conflict with the mortgage clause.

In *Graham* v. *Firemen's Ins. Co.*, 8 Daly (N. Y.), 421, it is held that the mortgagee might furnish proofs of loss. In that case the mortgagee furnished proofs of loss, but the company would not receive them. The provision of the policy was "persons sustaining loss or damage shall forthwith give notice of such loss to the company." But in *Hastings et al.* v. *Westchester Fire Ins. Co.*, 73 N. Y. 141, 148, it is held that the meaning of the word "assured" in the policy was not changed by the addition of the mortgage clause. In the case of *Union Institution for Savings* v. *Phœnix Ins. Co.*, *supra*, the court in discussing this point, on page 233, says: "It is quite certain that the party referred to as ' the insured' in these provisions is the mortgagor. The contract calls for but one such statement and if the duty of furnishing it is

upon the mortgagee when the loss is payable to him, then there is no such a duty on the mortgagor. The paper must be signed and sworn to by the insured. It must set forth the interest of the insured therein and various other stipulated facts which are peculiarly within the knowledge of the mortgagor." See, also, the cases cited on the same page as to the meaning of "insured."

We are of the opinion that the construction given to the words "the insured" in *Union Institution for Savings* v. *Phœnix Ins. Co.*, *supra*, is the correct one as applied to the policy now in suit and that there is no express obligation upon the mortgagee contained therein to furnish proofs of loss.

*Queen Ins. Co.* v. *Dearborn Savings Loan & Building Association, supra; The Glens Falls Ins. Co.* v. *Porter, supra; Dwelling House Ins. Co.* v. *The Kansas Loan & Trust Co., supra; Reed* v. *Firemen's Ins. Co., supra,* and *Adams* v. *Firemen's Mutual Ins. Co.*, 115 Mo. App. 21, 25, all either expressly or impliedly hold that by virtue of the mortgage clause attached to the policy, the mortgagee is relieved from any necessity to furnish proofs of loss and to enter into arbitration as a condition precedent to a right to sue on the policy. From these decisions the author in Clement on Fire Insurance, Vol. 1, p. 208, formulates a rule as follows: "Unless the mortgagee clause attached makes it obligatory on the mortgagee to furnish proofs of loss he is not required to furnish such proofs as a condition precedent to his right of action on the policy. Failure of the mortgagor and owner to furnish such proofs either wholly or within the stipulated time constitutes one of the neglects from the invalidating consequences of which the mortgagee is exempted." But as may be expected the courts are not in agreement on this point. In addition to *Southern Home Building and Loan Ass'n* v. *Home Ins. Co., supra; Investment Co.* v. *Ins. Co., supra; Graham* v. *Firemen's Ins. Co., supra,* there are a few others which say in case the mortgagor neglects or refuses to make proofs of loss the mortgagee may or must do so. See

*Ins. Co.* v. *Ketcham*, 9 Kans. App. 552, 555, and *Nickerson* v. *Nickerson*, 80 Maine, 100.

In *Union Institution for Savings* v. *Phœnix Ins. Co.*, *supra*, the court holds that by implication without express provision the mortgagee, in case the mortgagor fails to make a statement, or to ask for arbitration, may make a statement of loss and ask for arbitration resting such implication on the intention of the company expressed in the policy not to pay anything until it has reasonable information of the loss and the amount of loss has been determined. On page 235, it says: "We think that the implication goes no further than to require him" (the mortgagee) "to furnish the company in writing, within a reasonable time, proper information in regard to the loss as to such matters as the mortgagee reasonably may be expected to know."

All of the cases asserting either that the mortgagee may or must furnish proofs of loss make the duty a secondary one arising when the mortgagor fails to act whether it be on account of death, absence, inability or his refusal to do so. In almost every one of these cases there was utter failure on the part of the owner or mortgagor to make any attempt to prove loss. No case is cited to show the existence of such obligation when the mortgagor undertakes to act and carries the matter through to an award, although the award may be invalid. Even if it may become the duty of the mortgagee to act at some stage of the proceeding, it seems plain that he must have knowledge of the dereliction in duty on the part of the mortgagor before he can be required to act. Particularly is this so when, as in this case, the mortgagee is not a party to the agreement for arbitration. Here, the company accepted the mortgagor as the proper person to make proofs of loss and to join in the arbitration when there was a disagreement as to the amount of loss. Thereupon it became the duty of one or both of them to see that the arbitration was carried to a proper end. There is nothing to show that the mortgagee was aware of any failure to prosecute the arbitra-

tion to a lawful determination. In such circumstances he cannot reasonably be called upon to perform any act respecting the adjustment of the loss.

In this case, therefore, it does not appear that the mortgagee has failed in the performance of any duty imposed upon him. Whatever view of his duty in the premises may be adopted, whether that he was under no obligation to make proofs of loss or that under certain conditions such duty might devolve upon him in some form, in either view the mortgagee would be protected by the mortgage clause attached to the policy and by its terms have a right of recovery.

(7)     The granting of the nonsuit on the ground that the plaintiff has no right of action, we hold, therefore, to be error. Of course as the award offered is held to be invalid and not binding upon the parties thereto, it was properly excluded when offered, whether the offer was for the purpose of showing performance of a condition precedent or to establish the amount of loss, or both. The amount of plaintiff's loss will have to be proved otherwise. *Adams* v. *N. Y. Fire Ins. Co.,* 85 Ia.. 6, 13; *Reed* v. *Firemen's Ins. Co., supra,* 529.

Of course upon the evidence submitted the plaintiff would only have been entitled to recover nominal damages; but under the ruling that he had shown no right of action he has clearly had no fair opportunity to prove his actual damages. The seventh exception is sustained, the others are overruled, and the case is remitted to the Superior Court for a new trial.

*Arthur Cushing, William F. Carroll, James F. McCartin,* for plaintiff.

*C. M. Van Slyck, Frederick A. Jones,* for defendant.