## PROVIDENCE—WASHINGTON INSURANCE COMPANY *v.* KENNINGTON.

[71 South. 378.]

INSURANCE. *Fire insurance. Appraisement.*

> Where a fire insurance policy provided that in the event of disagreement as to the amount of a loss or damage it should be determined by competent and disinterested appraisers before recovery could be had and that the insured and insurers should each select an appraiser, and the two should select a competent and disinterested umpire, and in the event of their failure to agree as to the damage, the matter should be submitted to the umpire, and insured in good faith selected an appraiser, but he and the appraiser selected by the insurer were unable to agree on the amount of the damages or as to the umpire. In such case as the insured acted in good faith and as the policy did not provide for a second effort at appraisement, insured could sue on the policy for his damages, since the provision for appraisement being for the benefit of the insurer, it should be construed most strongly against it.

APPEAL from the circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Suit by R. E. Kennington against the Providence-Washington Insurance Company. From a judgment for The facts are fully stated in the opinion of the court.

*McLaurin & Armistead,* for appellant.

*Watkins & Watkins,* for appellee.

STEVENS, J., delivered the opinion of the court.

Appellee, as plaintiff in the court below, instituted this suit against appellant upon a contract of fire insurance covering a certain automobile owned by appellee in the city of Jackson. The policy of insurance, among other provisions, contained the following:

"In the event of disagreement as to the amount of loss or damage the same must be determined by competent and disinterested appraisers before recovery can be had hereunder. The insured and this company shall each select one, and the two so chosen shall then select a competent and disinterested umpire. Thereafter the appraisers together shall estimate and appraise the loss or damage, stating separately sound value and damage, and failing to agree, shall submit to the umpire; and the award in writing of any two shall determine the amount of such loss or damage; the parties thereto shall pay the appraiser respectively selected by them and shall bear equally the expenses of the appraisal and umpire.

. . .

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity unless the insured shall have fully complied with all the foregoing requirements."

There was a loss by fire, and the parties, being unable to agree upon the amount of damages, entered into an agreement for an appraisement in accordance with the provisions of the policy, Mr. Kennington selecting one H. C. Lawrence and the insurance company selecting Mr. Charles McDonnell, both of Jackson, Miss. The appraisers selected signed an appraisal agreement, and, being unable to agree as to the measure of damages, undertook to agree upon an umpire, but utterly failed to agree upon or select an umpire under the terms of the policy. When the appraisers so selected failed to select an umpire, they abandoned their efforts toward executing the appraisal agreement, and each went about his own business. Mr. Kennington thereafter instituted this action to recover on his policy, and the defendant filed pleas challenging the right of the plaintiff to maintain this action until there has been appraisement and award in accordance with what the defendant contends to be the true meaning of the provisions of the policy above quoted. It appears that after the failure to agree upon an umpire

neither party to the contract demanded new appraisers. It further appears from the evidence that the principal difference between the appraisers selected was whether the umpire should be selected from citizens in or around Jackson, Miss., where Mr. Kennington lived and the loss occurred, or should come from another city or vicinity, and thereby should not be subject to local influence. It appears that the appraiser selected by Mr. Kennington submitted the names of several citizens of Jackson as also the name of one Mr. Lee, operating an automobile repair shop at Crystal Springs, Miss. The appraiser for the company submitted the names of several who lived in other cities in the state of Mississippi, as also the names of two residing in Jackson. The appraiser for Mr. Kennington found objections to the proposed umpire living in Jackson suggested by the company's appraiser, and objected generally to accepting an umpire from a distant city. There was evidence that many of the names suggested by the company's appraiser were suggested by appellant's adjuster, and that at the time these names were submitted appellant did not disclose to appellee's appraiser the fact that it had through its agents suggested any of these names.

The proof in this case shows that Mr. Kennington entered into the agreement for an appraisement in good faith; that he selected a disinterested and competent appraiser; that he left to his appraiser the responsibility and job of selecting an umpire; and that the failure to make an award was occaisoned by no fault or negligence on the part of appellee. Under these circumstances, therefore, did appellee have the right of action on his policy? Under the terms of the contract here sued on we answer this question in the affirmative. In reference to the arbitration clause here in review there is conflict in the authorities. Many of the leading authorities hold that there must be a demand for arbitration before the insurer can complain of the other party's default in failing to seek appraisement and award. *Winchester* v.

*North British & Mercantile Insurance Co.,* 160 Cal. 1, 116 Pac. 63, 35 L. R. A. (N. S. ) 404, and authorities there cited. Additional authorities on this point are collated in the elaborate brief of counsel for appellee. In the instant case there was an effort in good faith on the part of the plaintiff in the court below to arbitrate. The policy does not contain an express provision for an appraisement in the event the appraisers first selected failed to agree; and this provision of the policy, being one of the many printed provisions prepared by the insurance company and for its benefit, should not be enlarged or extended by any construction of this court. We prefer to adopt the more reasonable view that the insured, when he selects a competent and disinterested appraiser, discharges the obligation placed upon him. By his contract he agrees in event of loss to select for himseif an appraiser who, in connection with the company's appraiser, determines the amount of the loss, or, failing to agree, selects an umpire. In estimating the loss the insured has no connection with the business except to furnish needed information or evidence. He has nothing to do with selecting the umpire. If the appraisers fail to agree upon an umpire, then the appraisement has miscarried through no fault of the insured. The insured has suffered a loss, and has a right to a speedy recovery. If, therefore, there is no express provision in the policy for a second appraisement, or rather a second effort at appraisement, then the provisions in review should not defeat the right of the insured to enter the open door of the court for relief. The action is upon the policy contract, and the main inquiry is not whether there has been an appraisement, but whether there has been in deed and in fact a loss for which recovery should be had. Any provisions of a fire insurance policy seeking to impair the right of the insured to resort to the courts must be strickly construed against the company, and in the present case these provisions, in our judgment, do not require the insured to initiate a second effort at appraisement. If there must be a second

effort at appraisement, there might be a third, and in the meantime justice might be delayed. Mr. Clement, in his work on Fire Insurance, vol. 1, pp. 159, 160, lays down as a part of rule 38 : ·

"Where appraisers, or a majority of them, fail to agree upon an award, plaintiff, unless he is shown to have acted in bad faith in selecting his appraiser, is not compelled ·to submit to another appraiser and another delay, but he may forthwith bring his action."

In the case of *Western Assurance Co.* v. *Decker,* 98 Fed. 381, 39 C. C. A. 383, the court says :

"The contention of the company is that, when the arbitrators failed to agree, it was the duty of the insured to propose a new selection of arbitrators, and that, not having done so, and not having appointed an arbitrator a second time, he cannot maintain this action. The terms of the policy are satisfied when the assured, acting in good faith, appoints an appraiser. If the appraisal falls through by disagreement of the appraisers without any fault of the insured, he has discharged his covenant, and satisfied the requirements of the policy, and may then resort to the courts to have his damages assessed"— citing *Insurance Co.* v. *Traub,* 83 Md. 524, 35 Atl. 13; *Pretzfelder* v. *Insurance Co.* 116 N. C. 491, 21 S. E. 302, 44 L. R. A. 424.

"One of the fundamental and essential constitutional rights of the citizen is the right to appeal to a court of justice for a redress of his grievances. One of the chief ends of government is to secure this right to the citizen. While some of the courts hold that the citizen may by contract bargain away this right, the agreement to do so will not be extended by construction or implication. Even if a second appointment of arbitrators was required by the terms of the policy, there is nothing in the policy, as contended by the defendant in error, which imposes upon the insured the obligation to be the first to propose another selection of arbitrators and appoint a second arbitrator. . . . There is not a line or a word in the

policy, making it the duty of the insured any more than the company to demand an appraisement and appoint an appraiser."

This announcement was afterwards reaffirmed by the same court in the case of *Spring Garden Insurance Co.* v. *Amusement Syndicate,* 178 Fed. 519, 102 C. C. A. 29 There is force in the suggestion made by the court in the case of *Winchester* v. *North British & Mercantile Ins. Co., supra,* that the insured submits his claim under oath, and that the insurer is "the only party who can determine whether there are any differences, and therefore the only party in position effectually to demand an arbitration. It is certainly a provision which the company might waive.

"It has been held, on what seems to be the better reason, but where the assured has appointed an appraiser, and without his fault the appraisers fail to agree, he may maintain an action." *Jerrils* v. *German Ins. Co.,* 82 Kan. 320, 108 Pac. 114, 28 L. R. A. (N. S.) 104, 20 Ann. Cas. 251.

Counsel for appellant relies upon the case of *Hamilton* v. *Liverpool & London & Globe Ins. Co.,* 136 U. S. 242, 10 Sup. Ct. 945, 34 L. Ed. 419. The terms of the policy and the facts of that case, however, differentiate it from the case now before us. Indeed, the court, in that case by its concluding sentence, expressly reserved the question which here confronts us. The court says:

"If the plaintiff had joined in the appointment of appraisers, and they had acted unlawfully, or had not acted at all, a different question would have been presented."

Aside from the question whether an award in this case was prevented by the wrongful or arbitrary conduct of the insurance company or its appraiser, a question which, in fact, was submitted to the jury under proper instructions, we rest an affirmance of this case upon the views above expressed.

*Affirmed.*