## NORWICH UNION FIRE INS. SOC., LIMITED, OF NORWICH, ENGLAND, et al. v. COHN.

### No. 863.

Circuit Court of Appeals, Tenth Circuit.

Dec. 4, 1933.

John F. Webster, of Oklahoma City, Okl. (F. A. Rittenhouse and Walter D. Hanson, both of Oklahoma, City, Okl., on the brief), for appellants.

Gomer Smith and J. H. Everest, both of Oklahoma City, for appellee.

Before LEWIS, PHILLIPS, and Mc-DERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

This appeal brings on for determination a question in the law of fire insurance over which there has been some conflict of judicial opinion. It is this: Where an agreement has been entered into for an appraisal of the loss, and the appraisal fails without the fault of either party, is a second effort to appraise a condition precedent to a recovery on the contract?

The material facts are not in dispute. Plaintiff below owned a hotel building in Anadarko; there was a fire on July 16, 1931, and a disagreement as to the amount of the loss. The policies in suit provide: "In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss."

In accordance therewith, a written agreement was entered into to appraise the loss, each party naming an appraiser; the appraisers agreed upon an umpire, and the work of appraisement commenced; after spending parts of two days thereat, an adjournment was had, by general consent, until a later date. Efforts to agree upon a date satisfactory to the appraisers and the umpire proved abortive and on October 17th the umpire resigned, partly because of other business engagements. The appraiser for the companies wrote several letters to the appraiser for the insured in an effort to fix a date, to which there were no replies in writing, although there is testimony that insured's appraiser called the companies' appraiser on the telephone several times concerning the matter. On November 3d adjusters for the companies wrote plaintiff demanding that a new appraisal agreement be entered into, and new appraisers appointed. To this request plaintiff did not reply, but shortly thereafter commenced this suit on the policies against all the companies in accord with the Oklahoma practice.

The proof disclosed that after appointing disinterested and competent appraisers, neither of the parties communicated with them or the umpire, nor interfered in any way with the appraisal. There was evidence, although disputed, that the appraisal failed because of the neglect of the appraiser for the insured. The trial court denied defendants' motion for a directed verdict, and did not submit to the jury the question of whether there was fault on the part of either appraiser. After reading the policy provision above quoted, the court charged the jury as follows: "The foregoing paragraph constituting a part of the policy is a part of the contract agreed to between the plaintiff and the defendants, and upon a demand by the defendants for an appraisal by arbitration it became the duty of the plaintiff to name her appraiser, and if she in good faith names an appraiser and the appraisement fails without her fault she is not required to propose the selection of other appraisers, nor is she required to name another appraiser even at the request of the defendants but may resort to the courts to have her damages assessed."

To this charge the defendants excepted. The briefs are confined to a discussion of the correctness of this rule of law.

We are of the opinion that this is a correct statement of the law, right in principle, and fortified by the weight of authority.

There can no longer be any doubt as to the validity of the appraisal clause in fire insurance policies. The insured, upon seasonable demand, must comply therewith or there can be no recovery. Hamilton v. Liverpool & L. & G. Ins. Co., 136 U. S. 242, 10 S. Ct. 945, 34 L. Ed. 419; Ætna Ins. Co. v. Murray (C. C. A. 10) 66 F.(2d) 289; St. Paul Fire & Marine Ins. Co. v. Eldracher (C. C. A. 8)

33 F.(2d) 675; Phoenix Ins. Co. v. Everfresh Food Co. (C. C. A. 8) 294 F. 51. But while the appraisers are appointed by the parties, they are not subject to the control of the parties. Shawnee Fire Ins. Co. v. Pontfield, 110 Md. 353, 72 A. 835, 132 Am. St. Rep. 449; Fritz v. British America Assur. Co., 208 Pa. 268, 57 A. 573. They are not agents in law and ought not to be in practice. If appraisers were subject to the direction of the parties, the whole proceeding would be a useless ceremony, for if the parties cannot agree upon the loss by direct negotiation (and the appraisal clause is operative only in case of disagreement) they could not agree through agents subject to their direction. Fault of an appraiser is therefore not the fault of the party appointing him.

Appellants' argument is that the loss is not payable until there is an award by appraisers, where one is required, and that it matters not whose the fault. That is to say, if the appraisement failed because the companies' appraiser refused to agree upon an umpire, still the insured is without any remedy except another appraisal, and if the companies' appraisers refused, *ad infinitum*, to agree upon an umpire, the insured nevertheless may not go to the courts. It is said that it is so nominated in the bond, and we are referred to the following clause of the contract: "This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

This clause, standing alone, supports the contention of appellants.

Needless to say, courts would be reluctant to construe the clause so harshly that the main engagement to pay for a fire loss could be entirely defeated or indefinitely postponed by the caprices of a succession of company appraisers. Fortunately the clause does not stand alone, for another clause reads: "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

Under this clause, the insured may resort to the courts when he has fully complied with the terms of the policy. And this is as it should be. If there is contradiction between these two clauses, the ambiguity must be resolved against the company which prepared the contract. Chase v. Business Men's Assur. Co. (C. C. A. 10) 51 F.(2d) 34. The contract does not require the insured to agree to a second, or a third, or a fourth, appraisal if the first one fails without his fault. This would moreover seem to be the sound rule, for if the appraiser for the insured is so arbitrary that the appraisal fails, the only mischief that follows is that the courts determine the amount of the loss; but under appellants' contention, if appraisers for the company persist in refusing to name an umpire, insured's right to indemnity is put in jeopardy, which is a more serious mischief than submitting a question to the courts for determination.

A brief review of the authorities supports the conclusion that neither party may require a second appraisal where the first fails without his fault. The question was twice before the Eighth Circuit Court of Appeals when the states in this circuit were a part of that circuit. In Western Assur. Co. v. Decker, 98 F. 381, 382, the appraisers were unable to agree upon an umpire, and no award was made. No request was made for a second appraisal, the contract there as here making no provision for such procedure, but the decision rests upon no such narrow ground. Rather, the contract was broadly construed as follows: "The terms of the policy are satisfied when the insured, acting in good faith, appoints an appraiser. If the appraisement falls through by disagreement of the appraisers without any fault of the insured, he has discharged his covenant, and satisfied the requirements of the policy, and may then resort to the courts to have his damages assessed."

While there was a dissent in that case, there was no dissent in the later case of Spring Garden Ins. Co. v. Amusement Syndicate Co. (C. C. A. 8) 178 F. 519, 532, where the appraisal failed because of the inability of the appraisers, not contributed to by the parties, to agree upon an umpire. It was there held that "the actions at law upon the policies were properly brought, notwithstanding the failure of the arbitration."

In Ætna Ins. Co. v. Hefferlin, 260 F. 695, 700, the Ninth Circuit Court of Appeals was confronted with a situation where an award was made but set aside because of the fault of the appraisers. The company contended there, as here, that a second appraisal was a

condition precedent to an action in the courts, and the company expressly consented to such second appraisal. That court held: "Nor do we think that it was the duty of the assured to submit to a second appraisement of the loss. Having once, in good faith, undertaken to have an estimate of the amount of his loss made by appraisers appointed pursuant to the terms of the policy, and the appraisement having been defective and invalid, without fault on the part of the insured, he is not obliged to join in an attempt to have another appraisement, but may maintain this action."

To the same effect, see Harrison v. German-American Fire Ins. Co. (C. C. Iowa) 67 F. 577. That an award is not a condition precedent to an action on the policy, see British American Assur. Co. v. Darragh (C. C. A. 5) 128 F. 890.

The Supreme Court of the United States has not passed upon the question, although in Hamilton v. Liverpool & L. & G. Ins. Co., 136 U. S. 242, 10 S. Ct. 945, 950, 34 L. Ed. 419, it used language which indicates that an insured's right to recover on his policy is not precluded by the failure of an award without his fault. After holding that no action could be maintained where the insured refused to appoint an appraiser on demand, the court said: "If the plaintiff had joined in the appointment of appraisers, and they had acted unlawfully, or had not acted at all, a different question would have been presented."

The Privy Council of England, in Cameron v. Cuddy, [1914] A. C. 651, 83 L. J. P. C. 70, 110 L. T. 89 P. C., was confronted with a case where there was a written agreement to leave to arbitrators the determination of a deficiency in the amount of lumber in a contract for the sale of the stock of a lumber company. The arbitration failed without the fault of the parties. It was claimed there could be no action in the courts until an award was actually made. That distinguished Court held to the contrary, Lord Shaw saying: "When an arbitration for any reason becomes abortive, it is the duty of a court of law, in working out a contract of which such an arbitration is part of the practical machinery, to supply the defect which has occurred. It is the privilege of a court in such circumstances and it is its duty to come to the assistance of parties by the removal of the impasse and the extrication of their rights. This rule is in truth founded upon the soundest principle, it is practical in its character, and it furnishes by an appeal to a court of justice the means of working out and of preventing the defeat of bargains between parties."

While there is no conflict in the federal court decisions on the point, there is disagreement among the state courts. The only two states in this circuit which appear to have passed upon the point are in accord with the reasoning of Judge Caldwell in the Decker Case, above quoted. Jerrils v. German American Ins. Co., 82 Kan. 320, 108 P. 114, 28 L. R. A. (N. S.) 104, 20 Ann. Cas. 251; Cowles v. Connecticut Fire Ins. Co., 113 Kan. 532, 215 P. 308; Ætna Insurance Co. v. Jester, 37 Okl. 413, 132 P. 130, 132, 47 L. R. A. (N. S.) 1191. Cases from other states may be found in the note.[1]

The action here is upon the agreement of the defendants to pay for the loss occasioned by the fire. The appraisal clause is an agreed method for ascertaining the amount of the loss. Upon demand, the insured must in good faith comply therewith; he must name a competent and disinterested appraiser, and must not directly or indirectly prevent the making of an award. But when this has been done, he has complied with the terms of his contract, and if the award fails without his fault, he may bring his action on the policy without seeking or consenting to further appraisals.

The court so charged the jury, and the judgment is accordingly affirmed.

---

[1] In Niagara Fire Ins. Co. v. Bishop, 154 Ill. 9, 39 N. E. 1102, 1105, 45 Am. St. Rep. 110, the court succinctly held, "The contract here only requires the parties to choose appraisers once, and not twice." This language was quoted with approval by the Supreme Court of Alabama in Headley v. Ætna Ins. Co., 202 Ala. 384, 80 So. 466. The Supreme Court of Ohio in Fire Ass'n of Philadelphia v. Appel, 76 Ohio St. 1, 80 N. E. 952, 955, held: "The policy requires the insured to do her duty under that condition only once." For a well-reasoned case, citing most of the authorities, see St. Paul Fire & Marine Ins. Co. v. Kirkpatrick, 129 Tenn. 55, 164 S. W. 1186. Other cases supporting the conclusion we have reached are: Shawnee Fire Ins. Co. v. Pontfield, 110 Md. 353, 72 A. 835, 132 Am. St. Rep. 449; Caledonian Ins. Co. v. Traub, 83 Md. 524, 35 A. 13; Providence-Washington Ins. Co. v. Kennington, 111 Miss. 244, 71 So. 378; Bernhard v. Rochester German Ins. Co., 79 Conn. 388, 65 A. 134, 8 Ann. Cas. 298; Security Printing Co. v. Conn. Fire Ins. Co., 209 Mo. App. 422, 240 S. W. 263; Bankers & Shippers Ins. Co. v. Sharber Grocery Co. (Tex. Civ. App.) 297 S. W. 474; Pretzfelder v. Merchants' Ins. Co., 116 N. C. 496, 21 S. E. 302, 303; Howard Insurance Co. v. Hocking, 115 Pa. 416, 8 A. 592; Fritz v. British American Assur. Co., 208 Pa. 268, 57 A. 573. Cases to the contrary are: Vernon Ins. Co. v. Maitlen, 158 Ind. 393, 63 N. E. 755; Westenhaver v. German-American Ins. Co., 113 Iowa, 726, 84 N. W. 717; Riddell v. Rochester German Ins. Co., 36 R. I. 240, 89 A. 833; Grady v. Home Fire & Marine Ins. Co., 27 R. I. 435, 63 A. 173, 4 L. R. A. (N. S.) 288; Levine v. Lancashire Ins. Co., 66 Minn. 138, 149, 68 N. W. 855, 860; Baumgarth v. Firemen's Fund Ins. Co., 152 Mich. 479, 116 N. W. 449.