E. W. JERRILS, *Appellee*, v. THE GERMAN AMERICAN INSURANCE COMPANY OF NEW YORK, *Appellant*.

No. 16,492.

SYLLABUS BY THE COURT.

1. FIRE INSURANCE—*Appraisers—Failure to Agree—Action on the Policy.* Under a fire-insurance policy providing that in the event of a disagreement as to the amount of the loss each party shall appoint an appraiser and the two appraisers shall select an umpire and appraise the loss, and that no action shall be maintained on the policy until such appraisement has been made, the insured discharges his obligation in that respect when he appoints an appraiser in good faith; and, where the two appraisers fail to agree upon an umpire and the appraisement fails without the fault of the insured, he is not required to propose the selection of other appraisers, but may maintain an action upon the policy.

2. ——— *Pleadings—Admissibility of Evidence.* In an action upon a fire-insurance policy the petition, after alleging the issuance of the policy, the payment of the premium and a loss by fire, alleged due performance of the conditions of the

policy on the part of the insured. The answer alleged that after the fire occurred a disagreement arose as to the amount of the loss, and that the same had never been ascertained by appraisers, as provided by the policy. The reply was a general denial. *Held*, that under the pleadings it was proper for the plaintiff to show that he appointed an appraiser in good faith and that the two appraisers were unable to agree upon an umpire, for which reason no appraisement was made.

Appeal from Chautauqua district court; GRANVILLE P. AIKMAN, judge. Opinion filed April 9, 1910. Affirmed.

M. A. *Fyke*, and E. L. *Snider*, for the appellant.

S. H. *Piper*, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This was an action on a fire-insurance policy. The plaintiff recovered judgment, and the defendant appeals.

The policy covered a stock of merchandise in the town of Elgin. The petition alleged that the stock was destroyed by fire July 31, 1907; that the plaintiff had performed all the requirements and conditions of the policy on his part, and that the defendant refused to pay. The answer set up as a defense that after the fire occurred a disagreement arose between the insured and the company as to the amount of the loss, and that the amount had never been determined by appraisers, as provided by the policy. The reply was a general denial.

On the trial the plaintiff was permitted, over the objections of the defendant, to offer evidence showing that following the disagreement as to the amount of the loss appraisers were appointed, the company and the insured each selecting one appraiser, as provided by the terms of the policy, and that the two appraisers were unable to agree upon an umpire, for which reason no appraisement was ever made. The errors com-

plained of are the admission of this testimony and the giving of an instruction to the effect that if appraisers were appointed as the policy provided, and they were unable to agree upon an umpire, the plaintiff had complied with the terms and conditions of the policy respecting appraisement and could recover without showing an award by appraisers. The policy was of the ordinary, standard form, and the provision with respect to appraisement reads as follows:

"In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them and shall bear equally the expenses of the appraisal and umpire, . . . and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

The plaintiff's evidence which was admitted over the objections of the defendant was in substance that after the fire occurred an adjuster of the company visited him and a disagreement arose respecting the amount of the loss; that appraisers were then appointed, the company selecting Mr. Warren and the insured selecting Mr. Meeker. When the two appraisers met for the purpose of agreeing upon an umpire Mr. Warren suggested a Mr. Potts, who had been the first choice of the adjuster for appraiser, and also handed to Mr. Meeker a list of persons, one of whom resided at Kansas City, another at Newton, and another at Wagoner, Okla. Mr. Meeker stated to him that on account of the ex-

pense it would be better to take some one nearer home, and suggested the names of half a dozen merchants living in towns in the same county. The appraiser for the company objected to anyone who lived in the vicinity, on account of local influence. On three separate days the appraisers met and attempted to agree upon an umpire, but being unable to do so the matter was dropped. On the trial the plaintiff introduced in. evidence two letters received from the adjuster of the company, after the failure of the appraisers to agree, which stated that the company was ready to select another appraiser in place of Mr. Warren and suggested that the plaintiff appoint someone else to take the place of Mr. Meeker. In these letters the insured was informed that the company would not waive its. right to an appraisement.

There are cases holding that where there is a failure of appraisers acting in good faith to agree it is incumbent on the parties to appoint other appraisers. (*Vernon Ins. Co. v. Maitlen*, 158 Ind. 393; *Westenhaver v. Ger.-Am. Ins. Co.*, 113 Iowa, 726.) On the other hand it has been held, on what seems to be the better reasoning, that where the insured has appointed an appraiser, and without his fault the appraisers fail to agree, he may maintain an action. In *Western Assur. Co. v. Decker*, 98 Fed. 381, Judge Caldwell said in the opinion:

"The contention of the company is that when the arbitrators failed to agree it was the duty of the insured to propose a new selection of arbitrators, and that, not having done so, and not having appointed an arbitrator the second time, he can not maintain this action. The terms of the policy are satisfied when the insured, acting in good faith, appoints an appraiser. If the appraisement falls through by disagreement of the appraisers, without any fault of the insured, he has discharged his covenant and satisfied the requirements of the policy, and may then resort to the courts to have his damages assessed." (Page 382.)

In the opinion in *Niagara Fire Ins. Co. v. Bishop,* 154 Ill. 9, the court, after referring to cases holding that upon the failure of the appraisers to agree upon an umpire it is the duty of the insured at least to propose the selection of new appraisers, said:

"We are unable to subscribe to this doctrine, so far as the policy upon which the present suit has been brought is concerned. The contract here only requires the parties to choose appraisers once, and not twice." (Page 18.)

In that case it appeared that the appraiser nominated by the company insisted upon the appointment of an umpire living at a great distance from the scene of the loss, and refused without excuse to agree to any umpire named by the other appraiser, and it was said that his conduct amounted to a refusal to proceed with the appraisement and the insured was not required to wait longer before bringing his action. The same doctrine is declared in the following cases: *Hickerson & Co. v. Insurance Companies,* 96 Tenn. 193; *Bishop v. A. Ins. Co.,* 130 N. Y. 488; *Chapman v. Rockford Ins. Co. and others,* 89 Wis. 572; *Uhrig v. Williamsburgh City Fire Ins. Co.,* 101 N. Y. 362; *McCullough v. The Phœnix Ins. Co.,* 113 Mo. 606; *Conn. Fire Ins. Co. v. Cohen,* 97 Md. 294; *Brock v. Insurance Co.,* 102 Mich. 583. These are the principal authorities relied upon by the plaintiff in support of the judgment. It will be observed that none of them touches the precise question involved here, since we are not called upon to determine merely whether the conduct of the company or its appraiser in failing to agree upon an umpire rendered it unnecessary that any further steps be taken toward procuring an appraisement. Conceding for the purpose of argument that, since the appraisers had failed to agree, the plaintiff could maintain the action without showing an award, the defendant contends that the pleadings should have set up the facts which avoided the necessity of an award. The whole claim

of error concerns the pleadings. The contention is that, having alleged full performance of all the conditions and requirements of the policy on his part, the plaintiff offered proof showing facts which rendered performance unnecessary—in other words, a waiver on the part of the defendant of certain conditions and requirements; that, under the pleadings, it was error to admit the testimony; and that, for the same reason, the instruction referred to was erroneous. In support of this contention the defendant relies upon the doctrine of *Insurance Co. v. Johnson,* 47 Kan. 1. There the petition set forth the contract of insurance, payment of premium, destruction of the property by fire, and that the company had refused to pay the loss although the plaintiffs had performed all the conditions of the policy incumbent upon them. The defendant answered alleging a breach of the condition of the policy in regard to encumbrances. The reply was a general denial. On the trial the plaintiffs were permitted to offer proof tending to establish a waiver of the condition of the policy respecting encumbrances, and facts in the nature of an estoppel against the company urging the forfeiture. A judgment against the company was reversed. It was held that there was sufficient testimony produced by the plaintiffs to warrant the instructions given by the court if the acts of waiver and estoppel had been pleaded, but it was also held that "neither the evidence introduced nor the instructions based thereon are warranted under the pleadings as they exist, and before they can be properly received the reply must be amended." (Page 5.) To the same effect are *Insurance Co. v. Thorp,* 48 Kan. 239, *Gillett v. Insurance Co.,* 53 Kan. 108, and *Insurance Co. v. Coverdale,* 9 Kan. App. 651.

The question resolves itself in its final analysis to this: What were the conditions of the policy which the insured was required to perform in order to entitle him to maintain the action? True, the terms of the

policy contemplated that in case a difference arose respecting the amount of the loss it should be determined by an award of appraisers, but all the policy required the insured to do in case such a disagreement arose was to join with the company in the selection of appraisers. Of course, the insured can not avoid the conditions of the policy by naming an appraiser who acts in bad faith and who refuses without excuse to agree with the other appraiser. Nor, on the other hand, can the company gain any advantage where the failure to agree upon an umpire is occasioned by bad faith or misconduct of its appraiser. We agree with the plaintiff that there was and is no question of waiver in the case. While it would not be inaccurate to say that where the failure of the appraisers to agree upon an award is caused by the bad faith of the appraiser appointed by the company the latter would be estopped from setting up the lack of an award as a ground of forfeiture of the right to maintain the action, still the plaintiff does not rely upon either waiver or estoppel. On the contrary, he relies upon due performance of all the terms and conditions of the policy on his part. Since the policy only required him to appoint an appraiser in case a difference arose as to the amount of the loss, it follows that he has shown due performance when he shows that he has appointed an appraiser. There was no error in the admission of testimony or in giving the instruction.

The judgment is affirmed.