[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANTS' NINTH SPECIAL DEFENSE TO PLAINTIFFS' AMENDED SUBSTITUTED COMPLAINT OF OCTOBER 21, 1988
This action which was returned to this court in 1986 involves the restoration and rehabilitation of a large downtown New Haven building (the "Court Street property") in 1980.
In 1980 Landmark Development Corporation ("Landmark") was chosen to develop this property for use as an apartment complex. At that time Landmark was wholly owned by the individual defendants, Robert Maitland, Peter Strauss and Peter Behr, all of whom were licensed architects who practiced architecture together as Maitland/Strauss/Behr Associates, P.C. ("M/S/B Architects").
It would appear that Landmark was formed for the purpose of developing the Court Street property. On June 30, 1980, Landmark entered into a standard A1A contract ("the 1980 contract") with M/S/B Architects for Landmark's providing design services for the complete rehabilitation and construction of this project for a total fee of $240,000. The 1980 contract contained, inter alia, the following provision:
ARTICLE 6
ARBITRATION CT Page 4914
 6.1 All claims, disputes, and other matters in question between the parties to this Agreement, arising out of or relating to, this Agreement or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. No arbitration, arising out of or relating to this Agreement, shall include, by consolidation, joinder or in any other manner, any additional person not a party to this Agreement except by written consent containing a specific reference to this Agreement and signed by the Architect, the Owner, and any other person sought to be joined. Any consent to arbitration involving an additional person or persons shall not constitute consent to arbitration of any dispute not described therein. This Agreement to arbitrate and any agreement to arbitrate with an additional person or persons duly consented to by the parties to this Agreement shall be specifically enforceable under the prevailing arbitration law.
 6.2 In no event shall the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations.
 6.3 The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.
M/S/B Architects did perform some of their contractual undertaking. Before completing the contract, however, Landmark entered into an agreement ("the 1985 contract") with the plaintiff Center Court in which it transferred to Center Court all Landmark's outstanding stock, Landmark's interest in the 1980 contract including the architectural and engineering working drawings which Landmark had made concerning the Court Street project.
The plaintiffs brought this action in 1986 while it was still in the process of developing the project. The operative complaint is the plaintiffs' amended substituted complaint of October 26, 1988 and it is in four counts. The first count, which refers to CT Page 4915 both the 1980 and the 1985 contracts, sounds in negligence claiming that the services, plans and specifications which the defendants provided "pursuant to the 1980 Contract and the 1985 Contract" constituted negligence in a number of ways alleged. The second count, which incorporates most of the allegations of the first count, alleges that "as a result of M/S/B Architects failure to deliver complete architectural and engineering drawings . . . pursuant to the 1985 contract" these defendants breached the 1985 contract causing damages to the plaintiffs. The third count incorporates most of the allegations of the first count but adds that "as a result of [M/S/B Architects'] failure . . . [to perform] pursuant to the 1980 contract, that [M/S/B Architects] breached the 1980 contract . . ." thus causing damages to the plaintiffs. The fourth count also incorporates most of the allegations of the first count and adds allegations that the defendants, upon entering the 1985 contract, knew or had reason to know, that the plans and specifications provided pursuant to the 1980 contract were inadequate and incomplete and also that the defendants misrepresented their completeness to the plaintiffs. These alleged misrepresentations upon which plaintiffs claimed reliance are said to have been false and misleading and made by the defendants, either knowingly, recklessly or negligently with the intent to induce the plaintiffs to rely on them, which the defendants knew or should have known. The plaintiffs also allege that they relied on these claimed misrepresentations in agreeing to enter the 1985 contract to their damage.
The defendants in their "Amended Ninth Special Defense" of January 10, 1982, allege that "The claims made against the defendants as governed by an arbitration provision contained in the 1980 contract such that the court lacks subject matter jurisdiction over the plaintiffs' claims." This court has determined that because subject matter jurisdiction has been raised as to those portions of the amended substituted complaint probably affected by this special defense that this issue should be decided.
The defendants contend that the court lacks jurisdiction to hear claims arising under the 1980 contract in this case because it does not have subject matter jurisdiction to hear and decide such claims because of the arbitration clause in the 1980 contract. Subject matter jurisdiction, of course, cannot be waived. In the context of their jurisdictional claim, the defendants also argue that under the arbitration clause in Section 6.1 of Article 6, they never "waived" the "unless the parties mutually agreed otherwise" portion. They claim that if they prevail on this special defense then the third count is out of the case but that the court would have jurisdiction over counts one, two and four limited to the 1985 contract. The plaintiffs place great weight on Multi-Service Contractors v. Vernon, 181 Conn. 445
CT Page 4916 (1980), which they argue is dispositive of the defendants' claims on this arbitration clause. The defendants contend that this is not so. This court agrees with the plaintiffs.
The arbitration clause in the 1980 contract in the present case falls within Multi-Service. It is substantially no different from the one in Multi-Service which also included the "unless the parties mutually agree otherwise" language. See Supreme Court Records and Briefs A-739, #5. In Multi-Service the court said:
 Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the arbitration clause. While it is true that in the absence of express language a provision for arbitration may be construed, by implication, to be a condition precedent to suit that implication must be so plain that a contrary intention cannot be supposed. It must be a necessary implication. The mere agreement to arbitrate, standing alone, does not give rise to the necessary implication that arbitration is a condition precedent to an action in court. For arbitration to be a condition precedent, the agreement to arbitrate must expressly so stipulate, or it must necessarily be implied from the language used. Kantrowitz v. Perlman, supra, 227-28; First Ecclesiastical Society v. Besse, 98 Conn. 616, 119 A. 903 (1923).
Multi-Service Contractors, Inc. v. Vernon, supra, 447-48. Yet that court, even despite the "unless the parties mutually agreed otherwise" language of the Multi-Service arbitration clause, said:
 The arbitration clause in this case does not require, either by express language or by necessary implication, arbitration as a condition precedent to court action." Multi-Service, Id. 449.
The arbitration clause in the 1980 contract, therefore, was not a condition precedent to court action.[1] This court, for the record, does not find any such condition precedent, either in the express language of the 1980 contract or one by necessary implication.
The claims of lack of subject matter jurisdiction is overruled, and the defendants' "Ninth Amended Special Defense" is stricken. The trial, therefore, will proceed on the four counts of the plaintiffs' amended substituted complaint of October 21, 1988. CT Page 4917
ARTHUR H. HEALEY State Trial Referee