[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
This is an action by the plaintiff against Massaro Masonry, Inc., a corporation, and Peter Massaro, its principal, based on a subcontract for work, materials, labor, equipment and accessories necessary to complete the masonry portion of a general contract between the plaintiff and the United States Department of Justice. The plaintiff claims that the corporate defendant breached the contract by failing to perform its work obligations in a timely fashion, and submitted false invoices. The plaintiff seeks the return of sums paid to the corporate defendant under the contract and that it compensate it for additional damages. The plaintiff also alleges that it has also filed a demand for arbitration pursuant to the terms of the contract.
The defendants have moved to dismiss based on the claim that the plaintiff and the corporate defendant are parties to an arbitration agreement which requires arbitration as a condition precedent to the bringing of an action in Superior Court. They further claim that all of plaintiffs' claims in this case are within the scope of the arbitration proceeding, and that this court therefore lacks jurisdiction to hear these claims.
The terms of the contract in question require that "all controversies arising out of breach of the subcontract agreement shall be settled by arbitration", and Subolo has filed a demand for arbitration alleging, at least in part, the same claims that are the subject matter of this litigation. Where a contract CT Page 12516-N contains an arbitration such as that in the present case, such a stipulation will be enforced, and no action arising out of the contract may be brought until arbitration has been pursued. TheFirst Ecclesiastical Soc. of New Britain v. Besse, 98 Conn. 616
(1923); Multi-Service Contractors. Inc. v. Vernon, 181 Conn. 448
(1980). The issue is one of subject matter jurisdiction. SeeNewfield Commons Condominium Assoc., Inc. v. Newfield CommonsGroup Ltd. Partnership, 7 CSCR 978 (J.D. Middlesex 1992).
The defendants also seek to have this action dismissed based on the fact that Subolo filed its demand for arbitration prior to the institution of this lawsuit, and that, although not implicating subject matter jurisdiction, this fact mandates dismissal under the prior pending action doctrine. Halpern v.Board of Education of the City of Bristol, 196 Conn. 647 (1985).
The plaintiff argues that the subject matter of this litigation is not the same as that for which arbitration has been demanded, and, in particular, it notes that the present action contains a claim for relief under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a, et seq. The CUTPA claim, however, is based upon the same alleged breach of the subcontract as is the pending arbitration claim, and the arbitration agreement is an unrestricted one, requiring all disputes between the parties to be decided by arbitration. Thus, the fact that the plaintiff has chosen to include a CUTPA claim in the instant complaint does not relieve it of its contractual obligation to resolve its disputes arising under the contract through arbitration.
Although it is true that the arbitration agreement in this case does not contain magic words to the effect that "arbitration is a condition precedent to the filing of a lawsuit", the clause requiring that "any controversy or claim arising out of or relating to this agreement or the breach thereof . . . shall be settled by arbitration . . ." is tantamount to the same thing. (Emphasis added.) The corporation is apparently ready and willing to arbitrate, and this action must therefore be dismissed as against the corporation.
As to the individual defendant, Peter Massaro, however, there is no claim that he is a party to the arbitration agreement, and, in fact, he has challenged the American Arbitration Association's authority over him. Since it is apparent that he signed the contract, including its arbitration clause, not as an individual CT Page 12516-O but as a representative of a corporation, he cannot claim that he and the plaintiff have agreed to arbitrate any claim against him, nor can he claim that there is a prior pending action against him. He is therefore not entitled to have the case against him dismissed on the grounds that he asserts.
As an alternative, Peter Massaro claims that the proceedings against him should be stayed pursuant to General Statutes §52-409, which permits such a stay when the issues involved are referable to arbitration pursuant to a valid arbitration agreement. Because, however, the person applying for such a stay must "be ready and willing to proceed to the arbitration", and because Peter Massaro has challenged the arbitrator's authority in this matter, he is not entitled to the benefit of the statute.
For all the above reasons, the motion to dismiss is granted with respect to the corporate defendant and denied with respect to the individual defendant. The motion for stay of proceedings pursuant to General Statutes § 52-409 is denied.
Jonathan E. Silbert, Judge