[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 10, 1996
This cases arises out of a contract between the plaintiff and the defendant Wallingford Community Day Care Center, Inc. ("Center") for the construction of a new daycare center. Disputes arose under the contract, which called for such disputes to be arbitrated, and the plaintiff in fact claimed these issues for arbitration with the American Arbitration Association pursuant to the contract's terms.
While the arbitration hearing was still pending, the plaintiff filed Chapter 11 bankruptcy, thereby staying the arbitration. It then successfully moved the bankruptcy court to transfer its petition from Chapter 11 to Chapter 7. The plaintiff is currently in Chapter 7 bankruptcy. The Center successfully moved for relief from the bankruptcy stay in order to enter into negotiations with the surety company holding the bond for completion of the project. These negotiations are still pending.
The Center has now moved to dismiss for lack of subject matter jurisdiction based on its claims that (1) the plaintiff has filed this action in Superior Court in its own name, without CT Page 5204-NNN obtaining permission of the trustee in bankruptcy or the bankruptcy court; and (2) the plaintiff s exclusive remedy is through arbitration.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." Practice Book § 143; Plasil v. Tableman, 223 Conn. 68, 70 n. 4, 612 A.2d 763
(1992). "A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "[A] motion to dismiss is the proper vehicle to attack the jurisdiction of the court. A motion to dismiss essentially asserts that, as a matter of law and fact, the plaintiff cannot state a cause of action that is properly before the court." Third Taxing District v.Lyons, 35 Conn. App. 795, 803, 647 A.2d 32 (1994). "Every presumption is to be indulged in favor of jurisdiction." Tolly v.Department of Human Resources, 225 Conn. 13, 29, 621 A.2d 719
(1993).
Citing 11 U.S.C. § 522(d), the Center argues that since Congress has not exempted this type of action from bankruptcy, the right to bring this action belongs to the estate, and only the trustee may bring an action to recover on it. The plaintiff counters that the plaintiff's lone secured creditor, American Bank of Connecticut, in fact received relief from stay from the bankruptcy court to pursue its security interest in the present action and that American Bank of Connecticut later assigned its rights to this claim to one Barteld Construction, Inc.
It further argues that as the assignee, Barteld Construction is entitled to bring this action in the name of the original party in interest, Interior Technology, Inc. Although General Statutes § 52-118 provides that the assignee of a chose in action may sue thereon in his own name, as long as he alleges in his complaint that he is the actual bona fide owner and sets forth when and how he acquired title, our Supreme Court has held that the assignee may also sue in the name of the assignor.Jacobson v. Robington, 139 Conn. 532, 539 (1953); Newman v. Gaul,102 Conn. 425, 435 (1925).
As to the arbitration issue, the contract between the plaintiff and the Center included a clause stating that "any controversy or claim arising out of or related to the contract, or the breach thereof, shall be settled by arbitration . . ." Although the bankruptcy filing by the plaintiff triggered an CT Page 5204-OOO automatic stay, suspending the arbitration hearings, the Center contends that the plaintiff is still bound by this contract and that its claims must be resolved through arbitration and not litigation.
To this, the plaintiff responds that there is a difference between an agreement that calls for arbitration and one that requires arbitration as a condition precedent of litigation. It cites Multi-Service Contractors, Inc. v. Town of Vernon,181 Conn. 445 (1980), which held that contract language very similar to that in this case did not "require, either by express language or by necessary implication, arbitration as a condition precedent of court action." Id. at 449.
 Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the arbitration clause. While it is true that in the absence of express language a provision for arbitration may be construed, by implication, to be a condition precedent to suit, that implication must be so plain that a contrary intention cannot be supposed. It must be a necessary implication. The mere agreement to arbitrate, standing alone, does not give rise to the necessary implication that arbitration is a condition precedent to an action in court. For arbitration to be a condition precedent, the agreement to arbitrate must expressly so stipulate, or it must necessarily be implied from the language used. Kantrowitz v. Perlman, supra, 227-28; First Ecclesiastical Society v. Besse, 98 Conn. 616, 119 A. 903 (1923).
Multi-Service, supra, at 447-48. See also Newfield CommonsCondominiums Assoc., Inc. v. Newfeld Commons Group LimitedPartnership, 7 CONN.L.RPTR. 711, 7 CSCR 978 (J.D. Middlesex 1992).
The defendant appears to acknowledge that the arbitration provision contains no express language to the effect that arbitration is a condition precedent of litigation. Its contention that such an intention is necessarily implied is unavailing. Apparently recognizing that the language of the arbitration provisions in Multi-Service Contractors, Inc., supra,
and this case is virtually identical, the defendant argues that such an implication may be found from the plaintiff's conduct in CT Page 5204-PPP initially seeking, and then abandoning, arbitration proceedings. The defendant has offered no authority, however, for the proposition that the court may look to the conduct of a party in determining whether an arbitration provision contained in a contract was intended to imply a condition precedent. Naftzger v.Naftzger Kuhe, Inc., 26 Conn. App. 521 (1992), in which, after the presentation of all evidence in a Superior Court trial, one party sought to dismiss and to make a claim for arbitration, is inapposite.
Finally, the plaintiff argues that the most the Center can ask for under these circumstances is a stay of court proceedings pending resolution of the interrupted arbitration. It points out that the first count of the plaintiff's complaint is a mechanic's lien foreclosure action which must be commenced within one year after the lien has been perfected. General Statutes § 49-39. Outright dismissal of the action would leave the plaintiff without access to this statutory remedy.
The defendant Center has failed to establish that this court lacks subject matter jurisdiction either because the true party in interest has chosen to sue in the name of the plaintiff-assignor or because the contract between the parties calls for arbitration, but not as a condition precedent to litigation.
The motion to dismiss is therefore denied.
SILBERT, J.