HARTFORD FIRE INSURANCE CO. *v.* CONNER.

No. 39572          April 11, 1955          79 So. 2d 236

*R. H. Dale,* Columbia; *Watkins & Eager,* Jackson, for appellant.

*Sebe Dale, Jr.,* Columbia, for appellee.

KYLE, J.

The appellee, C. E. Conner, recovered a judgment for the sum of $404.34 in the Circuit Court of Marion County against the appellant, Hartford Fire Insurance Company,

in an action on an automobile insurance policy, and from that judgment the appellant prosecutes this appeal.

The appellee was the owner of a 1949 Dodge automobile, which was damaged by fire on August 31, 1951. The appellee had fire insurance coverage under an automobile combination policy issued by the appellant, and the company was notified of the loss through its agent at Columbia. The company adjuster conferred with the appellee about the matter and offered to recommend to the company that the company pay $150 in settlement of the claim. The appellee refused to accept that amount in settlement of the claim, and on October 13, 1951, an adjusting representative of the company at its branch office in Hattiesburg notified the appellee in writing by registered mail that the company desired to have an appraisal of the damage made, as provided in the policy, and requested the appellee to select a competent and disinterested appraiser and furnish the company with the name of the person selected within twenty days after receipt of the company's request for the selection of such appraiser. In the same letter the appellee was informed that Robert L. Touchstone of Hattiesburg had been selected by the company as its appraiser. The appellee made no reply to the written demand of the appellant for the selection of an appraiser, and failed to notify the appellant of the selection of an appraiser; and on October 15, 1951, the appellee traded the Dodge car to the Columbia Tractor Company in part payment of the purchase price of a new 1951 Mercury automobile.

The trade-in value of the used Dodge car credited upon the purchase price of a new Mercury was $1,600, and the appellee issued his check to the Columbia Tractor Company on October 16, 1951, for the sum of $1,-146.50, in payment of the balance of the purchase price of the new Mercury. After making minor repairs on the 1949 Dodge car at a cost of $44.65, the Columbia Tractor Company on November 3, 1951, sold the Dodge car to Wilburn Townson for the sum of $1,725.

The appellee filed his declaration in this cause on April 5, 1954, and asked judgment against the appellant for the sum of $2,269, which he alleged was the actual cash value of the Dodge automobile at the time of the fire.

The defendant in its answer to the declaration interposed three defenses: (1) A defense in the nature of a plea in abatement, that the parties had failed to agree as to the amount of the loss, and that the defendant, on October 13, 1951, had made written demand on the plaintiff for an appraisal of the loss, as provided for in paragraph 12 of the policy, and that the appraisal was still pending, and the plaintiff was not entitled to maintain his action under the provisions of the policy pending disposition of the appraisal; (2) that the plaintiff had not complied with the terms and conditions of the policy, and was not entitled to recover the sum sued for; and (3) that the plaintiff had wholly failed to comply with the provisions of paragraph 12 of the policy relating to an appraisal of the loss, although a written demand had been made by the defendant for an appraisal under the terms and conditions of the policy on October 13, 1951.

The case was submitted to the jury on the testimony offered on behalf of the respective parties, and the jury returned a verdict for the plaintiff in the sum of $573.25. Judgment was entered for the plaintiff for that amount. The defendant filed a motion for a new trial, and upon the hearing of the motion the court entered an order reducing the amount of the judgment to $404.34.

The first point argued by the appellant's attorneys as ground for reversal of the judgment of the lower court is that the failure of appellee to comply with the provisions of the policy relating to the appointment of appraisers and the making of an appraisal of the loss is a bar to an action on the policy, and that the court erred in refusing to grant the peremptory instruction requested by the appellant.

Paragraph 12 of the policy provides as follows:

"Appraisal — If the named insured and the company fail to agree as to the amount of loss, each shall, on the written demand of either, made within sixty days after receipt of proof of loss by the company, select a competent and disinterested appraiser, and the appraisal shall be made at a reasonable time and place. The appraisers shall first select a competent and disinterested umpire, and failing for fifteen days to agree upon such umpire, then, on the request of the named insured or the company, such umpire shall be selected by a judge of a court of record in the county and state in which such appraisal is pending. The appraisers shall then appraise the loss, stating separately the actual cash value at the time of loss and the amount of loss, and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. The named insured and the company shall each pay his or its chosen appraiser and shall bear equally the other expenses of the appraisal and umpire.

"The company shall not be held to have waived any of its rights by any act relating to appraisal."

Paragraph 14 of the policy provides as follows:

"Payment for Loss: Action Against Company —Payment for loss may not be required nor shall action lie against the company unless, as a condition precedent thereto, the named insured shall have fully complied with all the terms of this policy nor until thirty days after proof of loss is filed and the amount of loss is determined as provided in this policy."

The courts have generally held that if it is the duty of both parties to an insurance contract which provides for a submission to appraisal, in case of loss, of the question of the amount of loss or damages suffered, to act in good faith and to make a fair effort to carry out such agreement and accomplish its object. And if the appraisal is a condition precedent to an action on the policy, and the failure to secure an award by an ap-

praisal is due to the fault of the insured, the absence of such award is a bar to an action on the policy by him. Anno. 94 A. L. R. 516, and cases cited.

■■ We think that the provisions of paragraphs 12 and 14 of the policy that we have here are valid, and that the appellee's failure to comply with those provisions, under the facts and circumstances disclosed by the record, precludes recovery on the policy.

Where a fire insurance policy provides that, in event of failure of the insurer and insured to agree, the loss shall be appraised by disinterested appraisers, one to be appointed by each party, the insured, upon seasonable demand, must comply with such provision or there can be no recovery. Norwich Union F. Ins. Soc. v. Cohn, (CCA 10th) 68 F. 2d 42, 94 A. L. R. 494, writ of certiorari denied in 291 U. S. 665, 78 L. Ed. 1056, 54 S. Ct. 440.

In Hamilton v. Liverpool & L. & G. Ins. Co., 136 U. S. 242, 34 L. Ed. 419, 10 S. Ct. 945, the Court had under consideration a policy of insurance, which contained stipulations similar to those mentioned above, and the Court in its opinion said:

"The conditions of the policy in suit clearly and unequivocally manifest the intention and agreement of the parties to the contract of insurance that any difference arising between them as to the amount of loss or damage of the property insured shall be submitted, at the request in writing of either party, to the appraisal of competent and impartial persons, to be chosen as therein provided, whose award shall be conclusive as to the amount of such loss or damage only, and shall not determine the question of the liability of the company; that the company shall have the right to take the whole or any part of the property at its appraised values so ascertained; and that until such an appraisal shall have been permitted and such an award obtained, the loss shall not be payable, and no action shall lie against the company. The appraisal, when requested in writing by either party, is

distinctly made a condition precedent to the payment of any loss, and to the maintenance of any action.

"Such a stipulation, not ousting the jurisdiction of the courts, but leaving the general question of liability to be judicially determined, and simply providing a reasonable method of estimating and ascertaining the amount of the loss, is unquestionably valid, according to the uniform current of authority in England in this country." And cases cited.

In discussing the effect of the failure of the insured to make a fair effort to carry out the provisions of the policy relating to an appraisal, where an appraisal of the loss is demanded in a case of this kind, the text writer in 29 Am. Jur., p. 939, Insurance, par. 1257, says:

"The courts are agreed that if appraisal is a condition precedent to action on the policy, and if the failure to secure an award upon an attempted appraisal or arbitration is due to the fault of the insured or his appraiser, the absence of an award is a bar to an action on the policy by him. Accordingly, where arbitration is made a condition precedent to recovery on the policy, the failure or refusal of the insured, without cause, to submit the adjustment of the loss to appraisers or to allow the continuance of arbitration or appraisal in accordance with the provisions of the policy is a valid defense to an action on the policy * * *

"The sale of the salvage after a fire, without the consent of the insurer, thereby rendering an appraisement and inspection and reinspection of the property impossible, is such a breach of the policy providing for the right to inspect and appraise the goods as to avoid the liability of the insurer."

■■ The appellee in the case that we have here admitted that he received the appellant's letter of October 13, 1951, demanding an appraisal of the loss and requesting that he select an appraiser and notify the company of his selection; and the appellee admitted that he never made any reply to that letter and that he never notified

the appellant of any appointment of an appraiser by him. The appellee also admitted that he traded the Dodge car to the Columbia Tractor Company on October 15, 1951, in part payment of the purchase price of a new Mercury. In view of these facts, we think that it cannot be said that the appellee made a fair effort to carry out the agreement for an appraisal as provided for in the policy, and under the authorities cited above there can be no recovery under the policy.

The appellee contends, however, that his failure to comply with the appellant's demand for an appraisal of the loss was excusable for the reason that the appellant denied liability for the loss. But we think there is no merit in this contention. The appellee testified that the company's adjuster called to see him and told him that if he would sign an instrument releasing the company from all liability he would recommend that they pay him $150, and that after the appellee refused to accept that amount in settlement of his claim, the adjuster told him that if he would get some garage man to estimate what it would cost to put the car back in the condition it was in before the fire he would recommend the payment of that amount. Offers of that kind did not indicate a denial of liability.

Finally, it is also argued on behalf of the appellee that the appellant waived the appraisal provision of the policy by denying liability on the policy in its answer. But the rule is that, "The denial of liability which dispenses with the necessity of an appraisal must occur, except under special circumstances, before answering in a suit on the policy." 45 C. J. S., 1378, Insurance, par. 1135. The appellant's denial of liability in its answer did not deprive the appellant of its right to defend the suit on the ground that the appellee had failed to comply with the appraisal provisions of the policy.

In view of what has been said above we think that the trial judge should have granted the peremptory instruction requested by the appellant.

The judgment of the lower court is therefore reversed and a judgment will be entered here in favor of the appellant.

Reversed and judgment rendered.

*Roberds, P. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.