**Steven D. HAVARD and Judy
A. Havard, Plaintiffs,**

v.

**KEMPER  NATIONAL  INSURANCE COMPANIES d/b/a American Manufacturers  Mutual  Insurance  Company; Hatch, Jones & Associates, Inc.; and Midsouth Home Service, Inc., Defendants.**

Civil Action No. 3:94–cv–184WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 20, 1995.

Paul A. Koerber, Jackson, MS, for plaintiffs.

Lawrence C. Gunn, Jr., L. Clark Hicks, Jr., Hattiesburg, MS, for defendants.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the defendants' motion for summary judgment pursuant to Rule 56(b),[1] Federal Rules of Civil Procedure. Plaintiffs Steven D. Havard and Judy A. Havard filed a complaint in the instant lawsuit seeking actual and compensatory damages and punitive damages against the defendants, Kemper National Insurance Companies d/b/a American Manufacturers Mutual Insurance Company ("Kemper"), Brown & Haynes Insurance, Inc., ("Haynes"),[2] Hatch, Jones & Associates, Inc., ("Hatch"), and Midsouth Home Service, Inc., ("Midsouth"), for bad faith, fraud, gross negligence, negligent misrepresentation, deceit and other wrongful conduct. The genesis of this dispute began when plaintiffs' home, insured by Kemper, was damaged by an accidental fire. Plaintiffs are unhappy with Kemper's response to their claim under their fire policy and unhappy with the alleged activities of Hatch and Midsouth whose employees acted as appraisers in this matter. All defendants move for summary judgment on the ground that by cashing Kemper's check tendered to plaintiffs in full satisfaction of their policy claim for fire damage to their home, plaintiffs now have fully discharged their claims under the doctrine of accord and satisfaction codified by Miss.Code Ann. § 75–3–311[3] (Supp.1994). Defendant Hatch moves for summary judgment on the additional ground that at all times it was an agent acting for a known and disclosed principal, and that, as such, it is shielded from any liability in plaintiffs' bad faith suit. Both Hatch and Midsouth move for summary judgment on the ground that plaintiffs have no evidence to support any of the plaintiffs' claims made against them. Plaintiffs oppose the motion. Nevertheless, this court is persuaded to grant the motions in all respects. This court has jurisdiction of this matter pursuant to Title 28 U.S.C. § 1332.[4] Plaintiffs are citizens of DeSoto County, Mississippi, while the defendants are all of a state other than Mississippi. Kemper is a

---

1. Rule 56(b) of the Federal Rules of Civil Procedure provides:

    (b) For Defending Party. A party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

2. After this matter was removed to federal court pursuant to Title 28 U.S.C. § 1446(b), this court found that Haynes was fraudulently joined to defeat diversity. Thereafter, this court dismissed Haynes from this lawsuit.

3. Mississippi Code Annotated § 75–3–311 provides in pertinent part:

    (a) If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument, the following subsections shall apply.

    (b) Unless subsection (c) applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

4. Title 28 U.S.C. § 1332 provides in pertinent part:

    (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—

    (1) citizens of different States; ...

resident of Illinois. Hatch and Midsouth are residents of Tennessee. In their complaint, plaintiffs ask for $75,000.00, for actual and compensatory damages, as well as punitive damages, a sum in excess of the jurisdictional threshold of $50,000.00. Since this court's jurisdiction is founded on diversity of citizenship, this court is obliged by *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to apply the substantive law of Mississippi.

## FINDINGS OF FACT

A fire damaged the home of the Havards, plaintiffs in this suit. The Havards had a homeowners' policy of insurance with Kemper, so following the fire, they submitted an insurance claim with Kemper. Kemper processed the Havards' claim and tendered a check for $5,374.45 for the claim on the damage to the dwelling. An accompanying letter dated June 25, 1993, informed the Havards:

Please find enclosed a check in the amount of $5,374.45 for the repairs to your house. We stand by our letter dated April 30, 1993, which stated the loss settlement and appraisal provisions of your policy. We have reviewed the repair estimates you sent and feel the damage repairs can be properly repaired in accordance with Mr. Meadows' appraisal of $5,874.45.

Later, an attorney for Kemper, Larry Gunn, wrote a letter to plaintiffs' attorney, stating the following:

A check was previously tendered to Mr. and Mrs. Havard in the sum of $5,374.45. The check has not been cashed.

The Havards are not happy with this check. Thus Kemper has elected to rely upon the appraisal provision of the policy. I enclose a copy of the page from the policy showing the terms and provisions of the appraisal provision of the policy. I also enclose a copy of *Hartford Fire Insurance Company v. Conner,* 79 So.2d 236 (Miss.S.Ct.1955) holding the appraisal provision of homeowner's insurance policies to be valid and enforceable.

Please let me know if your clients would like to cash the check for $5,374.45 or if they would like to enter into an appraisal proceeding.

After receiving the check, the June 25, 1993, letter from Kemper, and the following letter from Larry Gunn, the Havards cashed the Kemper check. The Havards apparently attempted to reserve their rights to sue by marking on the back of the check "in partial payment and accepted with reservation."

Later, after the check had been cashed, plaintiffs sued all parties connected with the insurance claim for bad faith, fraud, gross negligence, negligent misrepresentation, deceit and other wrongful conduct. In short, the plaintiffs claim that Kemper did not properly evaluate their claim and that the other defendants acted with Kemper to undervalue plaintiffs' loss.

## PROCEDURE FOR SUMMARY JUDGMENT

In response to a motion for summary judgment, the non-moving party is required to respond with proof of a prima facie case, sufficient for a jury to enter a verdict in their favor. *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122–23 (5th Cir.1988), citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment in any case where a party fails to establish the existence of an element essential to the case and on which that party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Rule 56(c) further requires that the court enter summary judgment if the evidence favoring the non-moving party is not sufficient for the jury to enter a verdict in the non-moving party's favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Exxon Corp. v. Burglin,* 4 F.3d 1294, 1297 (5th Cir.1993); *Brewer v. Wilkinson,* 3 F.3d 816, 819 (5th Cir.1993). When the moving party has carried the Rule 56(c) burden, the opposing party must present more than a metaphysical doubt about the material facts in order to preclude the grant of summary judgment.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### CONCLUSIONS OF LAW

The doctrine of accord and satisfaction recently has been codified in Mississippi, Miss. Code Ann. § 75–3–311 (Supp.1994). The new statute effective after January 1, 1993, provides:

> (a) If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument, the following subsections apply.

> (b) ... the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

■ The evidence received by this court convincingly establishes that plaintiffs' claim has been discharged under an accord and satisfaction. Here, there was a bona fide dispute, a good faith tender of a check in full satisfaction of the plaintiffs' claim, and the plaintiffs accepted payment of the check. A letter, accompanying the check, contained a conspicuous [5] statement to the effect that the check was tendered in full satisfaction of the claim.

---

**5.** *Mississippi Code Annotated* § 75–1–201(10) provides:

> (10) "Conspicuous": A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NONNEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is "conspicuous" if it is in larger or other contrasting type or color. But in a telegram any stated term is "conspicuous." Whether a term or clause is "conspicuous" or not is for decision by the court.

**6.** Section I, Condition (6), of the insurance agreement between the parties provides:

---

Not only did the letter accompanying the check inform the Havards that Kemper was paying no more money on the claim, a subsequent letter written by Kemper's attorney, Larry Gunn, informed the Havards' attorney that the Havards should either cash the check or enter into an appraisal proceeding in accordance with the provisions of the insurance policy.[6] Moreover, the check itself stated on its face that it was "Payment for Fire Damage—Building."

Throughout this entire period, when plaintiffs received the Kemper check and accompanying correspondence, plaintiffs were actively represented by counsel. Hence, before cashing the Kemper check they had ready access to a legal opinion on the possible consequences.

But, presence of counsel, while important, is not the key point here. The pivotal fact here is that the correspondence accompanying the check and that sent subsequently certainly told the plaintiffs that Kemper had determined their loss to be no more than $5,394.45; that this was Kemper's final offer; and that if plaintiffs refused to accept this amount, Kemper was prepared to submit the matter to an appraisal proceeding. When plaintiffs cashed the check under these circumstances, plaintiffs showed accord and satisfaction as a matter of law.

Plaintiffs seemingly knew that by cashing the check they could be compromising their case. When the Havards cashed the check, they attempted to reserve their rights through notations on the back of the check. However, Miss.Code Ann. § 75–1–207(2) [7] (Supp.1994) specifically states that accord and satisfaction is an exception to the gener-

---

> [i]f you and we fail to agree on the amount of loss, either party may demand an appraisal of the loss ... The two appraisers will choose an umpire. If they cannot agree on an umpire within 15 days, you or we may request that the choice by made by a judge of a court of record in the state where the resident premises is located ...

**7.** Mississippi Code Annotated § 75–1–207(2) provides:

> (2) Subsection (1) does not apply to an accord and satisfaction.

al rule that a party may reserve its rights on an instrument. So, while the plaintiffs failed to preserve the vitality of their dispute through this means, by these actions in attempting to do so, they showed an appreciation for the operation of the principle of accord and satisfaction. On this issue of accord and satisfaction, then, this court finds that there are no genuine issues of material fact, and all defendants are entitled to summary judgment on the ground of accord and satisfaction.

 The defendants Hatch and Midsouth are entitled to summary judgment for additional reasons. Hatch's employee, John Meadows, at all times acted for an on behalf of Kemper. The affidavit of John Meadows, an insurance adjuster, establishes that at all times Meadows worked for and on behalf of Kemper. The evidence shows that Meadows merely adjusted the Havards' claim in the ordinary course of business, that he disagreed with repair estimates submitted by the plaintiffs, and that he furnished an appraisal estimate to Kemper at its request. The complaint fails to allege that the insurance adjuster engaged in any independent conduct which rose to the level of gross negligence, malice, or reckless disregard for the rights of the plaintiffs. Further, the affidavit of John Meadows asserting that the insurance adjuster did not engage in separate egregious conduct is uncontested, and plaintiffs have put forth no evidence on this issue of which they have the burden of proof. *McFarland v. Utica Fire Insurance Company of New York,* 814 F.Supp. 518, 521 (S.D.Miss.1992), *aff'd,* 14 F.3d 55 (5th Cir.1994); *Ironworks Unlimited v. Purvis,* 798 F.Supp. 1261, 1266 (S.D.Miss.1992); *Schoonover v. West American Insurance Company,* 665 F.Supp. 511, 516 (S.D.Miss.1987); *Gray v. United States Fidelity & Guaranty Company,* 646 F.Supp. 27, 29 (S.D.Miss.1986). *See Bass v. California Life Insurance Company,* 581 So.2d 1087, 1090 (Miss.1991) (adjuster can incur liability only when conduct constitutes gross negligence or malice). Plaintiffs merely rely on the allegations in their complaint. Mere allegations are not sufficient to ward off a motion for summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89

L.Ed.2d 538 (1986). Hence, this court finds that Hatch is entitled to summary judgment in its favor.

 Plaintiffs' evidentiary showing against Midsouth is equally lacking. Chuck Shoffner, an employee of Midsouth Home Service, Inc., states in his affidavit that he was asked to inspect the damage to the Havards' home. Upon inspection, Shoffner advised Meadows that Meadows should add a few repairs. After these changes were made on the repair estimate, Shoffner, a contractor, agreed to perform the repair work. Shoffner stated that he never attempted to trick or deceive the plaintiffs.

Plaintiffs' suit against Midsouth is based upon the alleged activities of Shoffner, yet, plaintiffs have produced no evidence that Midsouth or its employee, Shoffner, committed fraud, conspired to deceive the plaintiffs, was negligent, or is liable for any other reason. Again, as with defendant Hatch, plaintiffs simply rely upon allegations in their complaint, unsupported by nothing other than supposition and surmise. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that all defendants are entitled to summary judgment, and all claims against all of the defendants are dismissed WITH PREJUDICE. A separate judgment shall be entered in accordance with the local rules.