IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 07-60284
(Summary Calendar)

Boler-Phillips Body Shop, Inc.

Plaintiff-Appellant

v.

Employers Mutual Casualty Company

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
(2:04-CV-140)

Before WIENER, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Boler-Phillips Body Shop, Inc. ("Boler") appeals the district court's dismissal of Boler's bad faith claim against its insurer, Employers Mutual Casualty Company ("EMC"). We affirm.

## I. FACTS AND PROCEEDINGS

In December 2002, a fire damaged Boler's body shop. The facilities were covered by an insurance policy issued by EMC, which included business

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interruption coverage with a limit of $120,000. After the fire, Boler timely filed a proof of loss for business interruption. Boler maintained that its business interruption losses amounted to $120,000.00. EMC, in contrast, determined that Boler's covered losses totaled only $51,525.57. This sum was tendered to and accepted by Boler; yet Boler continued to demand the remaining balance of the $120,000 policy limit. In June 2005, pursuant to the terms of the policy, EMC requested an appraisal. Approximately six months later, Boler's representative contacted EMC to discuss the possibility of mediating or arbitrating the dispute. EMC promptly declined, stating that the statute of limitations had expired.

The following month, Boler filed suit against EMC in state court, seeking the balance of the policy limit. EMC removed the matter to federal district court and filed a motion to dismiss the complaint on the ground that Boler's claim was time barred. EMC also filed a motion for summary judgment, contending that the court should dismiss Boler's claim for failure to comply with the policy's appraisal clause which EMC had invoked in June 2005; or, alternatively, that the court should require Boler to comply with the provisions of the appraisal clause.

Holding that Boler's claim was not time barred, the district court rejected EMC's motion to dismiss on that ground. The court determined, however, that Boler had failed to comply with the appraisal clause, which was a condition precedent to a suit against EMC. Accordingly, the court granted EMC's motion for summary judgment and dismissed Boler's claim. Boler timely filed a notice of appeal.

II. ANALYSIS

1. Standard of Review

We review a district court's summary judgment ruling de novo, applying the same standards as the district court.[1] "'In a diversity case such as this one, federal courts must apply the choice of law rules in the forum state in which the court sits.'"[2] This requires us to apply Mississippi law in interpreting Boler's Mississippi insurance contract issued by EMC.[3]

2. Merits

Boler contends that the appraisal clause in the insurance contract is not a condition precedent to a suit against EMC, because (1) EMC "denied" Boler's claim on the ground that it was time barred, thus EMC cannot now assert Boler's failure to comply with the appraisal clause as a defense, (2) EMC's "denial" of Boler's claim prevented Boler from complying with the appraisal clause, (3) EMC waived its right to assert the appraisal clause as a defense, and (4) the appraisal clause is unenforceable because it is unconscionable.

Boler's first and second arguments are premised on the erroneous assertion that EMC "denied" Boler's claim. At no time did EMC assert that Boler's claim was not covered by the policy. Rather, EMC and Boler disagreed on the total dollar amount of Boler's business interruption loss. EMC timely and properly invoked the appraisal clause in June 2005. EMC's subsequent refusal to submit to additional mediation or arbitration with Boler does not invalidate the appraisal clause or EMC's invoking it; neither does it constitute a "denial" of Boler's claim. As there was no denial of Boler's claim, the cases cited by Boler are inapposite so their holdings do not prevent EMC from asserting its invoking of the appraisal clause as a defense.

---

[1] Cutrera v. Bd. of Supervisors of La. State Univ., 429 F.3d 108, 110 (5th Cir. 2005).

[2] Lamar Advertising Co. v. Continental Cas. Co., 396 F.3d 654, 659 (5th Cir. 2003) (quoting American Intern. Specialty Lines Ins. Co. v. Canal Indem. Co., 352 F.3d 254, 260 (5th Cir. 2003).

[3] Maryland Cas. Co. v. Williams, 377 F.2d 389, 392-93 (5th Cir. 1967).

Equally feckless is Boler's contention that EMC waived its right to assert Boler's non-compliance with the appraisal clause by (1) not raising the appraisal issue until after Boler filed suit, and (2) not seeking to compel Boler to participate in the appraisal process. This contention is both unpersuasive and factually incorrect. EMC properly invoked the appraisal clause prior to Boler's filing of the lawsuit. Additionally, nothing in the insurance policy requires EMC to take affirmative steps to compel Boler to participate in the appraisal process once invoked by EMC.

Boler's contention that the appraisal clause is unconscionable because EMC is not bound by the appraisal process and Boler must pay part of the cost of the appraisal, is grounded in an erroneous interpretation of that clause. Under the terms of the appraisal clause, both parties are bound by the result of the appraisal process, as long as the loss is covered under the policy. This type of appraisal clause has been repeatedly enforced by Mississippi courts.[4] That Boler may be required to pay part of the appraisal costs does not make the provision unconscionable.

### III. Conclusion

EMC properly invoked the appraisal provision of the insurance policy. Contrary to Boler's argument, EMC never "denied" Boler's claim. The district court did not err in determining that the Boler's compliance with the appraisal clause was a condition precedent to a suit by Boler against EMC, and thus did not err in granting summary judgment dismissing Boler's action.
AFFIRMED.

---

[4] Home Ins. Co. v. Watts, 91 So.2d 722 (Miss. 1957); Hartford Fire Ins. Co. v. Conner, 79 So.2d 236 (Miss. 1955).